■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD L. YATTAW, Appellant. — Appeal from a judgment of the County Court of Rensselaer County (Battisti, Jr., J.), rendered May 12, 1982, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the fifth degree.

On this appeal from his conviction for criminal sale of a controlled substance in the fifth degree, defendant raises only one ground for reversal. Defendant contends that County Court abused its discretion in ruling that the prosecution did not have to disclose the identity of the confidential informant who accompanied the undercover policewoman at the time she purchased the drugs. Defendant argues that there is a close issue as to identification and, therefore, under *People v Goggins* (34 NY2d 163, 172, 173, cert den 419 US 1012), the identity of the confidential informant should have been disclosed. Conversely, the People contend that the identification issue was not closely

contested and, therefore, under *People v Brown* (34 NY2d 163, 172, cert den 419 US 1012), the companion case to *Goggins,* disclosure of the identity of the confidential informant was not necessary.

Our review of the record reveals that the identification issue was not closely contested. The undercover policewoman who bought the drugs testified that defendant was the person from whom the drugs were purchased. She further testified that she spent approximately 25 minutes with defendant in his apartment at close range to him. She also testified that the person brought before her during the trial, alleged to be defendant's brother, who the defense was suggesting had been confused with defendant as the actual perpetrator of the crime, was not the one from whom she bought the drugs and could not be because he was too short. The other officer who testified identified defendant as the person who met the undercover policewoman outside the apartment building and who accompanied her inside the building. These observations were made from a distance of 30 feet during the middle of the afternoon. Moreover, upon being shown the person alleged to be defendant's brother, the officer stated that such person was not the one he observed. Defendant presented no testimony or evidence in his own behalf.

Thus, there were positive identifications of defendant by police officers who had good opportunities to observe the perpetrator of the crime. There was also a complete rejection, with explanation, of the individual with whom defendant was attempting to show he had been confused. With these facts prevailing, the identification issue was not closely contested and County Court did not abuse its discretion in not requiring the prosecution to disclose the identity of the confidential informant (see *People v Pena,* 37 NY2d 642; *People v Goggins, supra; People v Lloyd,* 55 AD2d 171, affd 43 NY2d 686).

Judgment affirmed. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.