■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN R. MORRIS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the seventh degree. He contends that the trial court erred in denying his requests for a "missing witness" charge and for the disclosure of the identity of a confidential informant. We disagree.

Defendant failed to show his entitlement to a missing witness charge. The party seeking the charge must establish "that the uncalled witness is knowledgeable about a material issue upon which evidence is already in the case; that the witness would naturally be expected to provide noncumulative testimony favorable to the party who has not called him, and that the witness is available to such party". *(People v Gonzalez,* 68 NY2d 424, 427.) Here, defendant failed to show that the testimony of the informant would be "important and favorable, not merely cumulative or trivial" *(People v Dillard,* 96 AD2d 112, 115). The only issue of which the informant had knowledge was the identity of defendant, but this was not a case where identity was seriously contested *(cf., People v Erts,* 138 AD2d 506, *affd* 73 NY2d 872). The identification of defendant as the seller of the cocaine was corroborated by an officer from the surveillance team and defendant did not raise an alibi defense or otherwise significantly challenge the credibility of the officers *(cf., People v Ronchi,* 154 AD2d 891).

We also conclude that the court did not abuse its discretion when it denied defendant's request for disclosure of the informant's identity. The request was made at the conclusion of

the direct testimony of the People's first witness, Officer Hopkins, who testified to the purchases of cocaine from defendant. The court denied disclosure but reserved defendant's "right to renew the application at a later time". The application was not renewed. With the issue in that posture, we need only determine whether the court's ruling was proper when made, and obviously it was. Nevertheless, on review of the entire record, we find that here, as in *People v Brown* (34 NY2d 163, 172, *cert denied* 419 US 1012), "the risk of mistaken identification was minimal" and defendant failed to show, either by demonstrating weakness in the prosecutor's case or by development of a defense, that disclosure of the informant's identity would have been appropriate. (Appeal from judgment of Monroe County Court, Marks, J.—criminal sale of controlled substance, third degree.) Present—Dillon, P. J., Boomer, Green, Pine and Balio, JJ.