■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THERESA L. FORD, Appellant. [612 NYS2d 456] —Casey, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered January 8, 1993, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

A confidential informant provided information that two black males were in the habit of purchasing cocaine in New York City and transporting it back to the Binghamton area in Broome County for resale and that a trip to New York had been scheduled for September 1, 1992 which would get them back to the Binghamton bus station at about 2:00 A.M. on September 2, 1992. Upon their return defendant, who was the girlfriend of one of the men, was to pick them up in a black 1979 Pontiac two-door vehicle. Based on the confidential information, the police obtained a search warrant issued by County Court which authorized searches of the vehicle, defendant and the two men.

The vehicle described in the warrant application, with defendant driving, was observed at the bus station by the police when the bus from New York City arrived. Two detectives followed the vehicle as it left the bus station and the search warrant was executed when the detectives saw the vehicle stopped, with the two men named in the warrant standing next to the vehicle talking to defendant. The searches produced no drugs and defendant was taken to the jail house to be strip searched by a female correction officer.

No narcotics were found on the outer portion of her body or in her clothing. One of the detectives then contacted the County Judge who issued the search warrant, and the detective gave testimony over the telephone to amend the search warrant to include a search of the body cavities of defendant. A physician was obtained to make the search and a plastic bag containing more than half an ounce of white powder was found secreted in defendant's vagina. The white powder tested positive for the presence of cocaine.

Defendant was indicted for two counts of criminal possession of a controlled substance in the third degree. After County Court denied her motion to suppress the evidence obtained pursuant to the search warrant, defendant entered a plea to the second count of the indictment, which charged criminal possession of a controlled substance in the third degree in violation of Penal Law § 220.16 (12), in full satisfaction of both counts. Based on a prior conviction for criminal possession of a controlled substance in the fifth degree, defendant was sentenced as a second felony offender to an indeterminate prison term of 4½ to 9 years.

On this appeal, defendant claims that her motion to suppress the evidence obtained from her person was improperly denied. We disagree with this claim. The probable cause necessary for the issuance of the search warrant consists of the information supplied by the confidential informant, who gave a sworn statement which was submitted in camera before the issuing magistrate and was incorporated in the warrant application. The information showing that defendant and her boyfriend were involved in drug trafficking in Broome County was based on personal association of the confidential informant with defendant and her associates. The informant gave a detailed description of the drug-trafficking activities based upon personal observation and personal conversations that the informant had with defendant. Thus, the "basis of knowledge" part of the test involving a confidential informant was satisfied (see, People v Bigelow, 66 NY2d 417, 423). The reliability of the informant was established by police observation which verified significant details of the information and because the informant gave reliable information on three prior occasions, which was confirmed by independent police investigation (see, People v Elwell, 50 NY2d 231, 237). Furthermore, the informant made a sworn statement prior to the issuance of the warrant and was subject to prosecution for filing a false report if the information later proved untrue (see, People v Santarelli, 148 AD2d 775).

The informant's statement given to County Court for in camera review upon the original application and the subsequent sworn testimony of a police detective provided an adequate basis for amendment of the warrant to permit a search of defendant's body cavities. These documents have been provided to this Court and satisfy both prongs of the *Aguilar-Spinelli* test.

Defendant contends that she was entitled to disclosure of the informant's identity pursuant to *People v Goggins* (34 NY2d 163, *cert denied* 419 US 1012), but the principles set forth in *Goggins* are inapplicable to this case *(see, People v Greco,* 187 AD2d 151, 156, *lv denied* 81 NY2d 1073). County Court's refusal to disclose the identity of the confidential informant was not improper *(see, People v Darden,* 34 NY2d 177).

The judgment of conviction should be affirmed.

Cardona, P. J., White, Weiss and Peters, JJ., concur. Ordered that the judgment is affirmed.