■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST E. WILSON, Also Known as E, Appellant. [795 NYS2d 416]—

Carpinello, J. Appeal from a judgment of the County Court of Otsego County (Coccoma, J.), rendered February 23, 2004, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Indicted on criminal sale of a controlled substance in the third degree and found guilty as charged following a jury trial, defendant appeals. At trial, it was established that defendant sold crack cocaine to an undercover police investigator inside a vehicle. According to this investigator, she was with defendant for approximately 5 to 10 minutes during which time they had "face-to-face conversations." She unequivocally testified that defendant was indeed the person from whom she purchased the drugs. A police detective surveilling the transaction also unequivocally testified that he observed defendant exit the subject vehicle. This detective had seen defendant on at least 50 occasions prior to this time.

Given these positive and unequivocal identifications of defendant by two trained police officers who had an ample opportunity to observe him, we discern no abuse of discretion by County Court in failing to disclose the identity of a confidential informant who facilitated the drug purchase that day and was present in the car during the transaction (*see People v Goggins*, 34 NY2d 163 [1974], *cert denied* 419 US 1012 [1974]; *People v Perez*, 301 AD2d 434, 435 [2003], *lv denied* 99 NY2d 657 [2003]; *People v Ford*, 204 AD2d 859 [1994], *lv denied* 84 NY2d 825 [1994]; *People v Yattaw*, 106 AD2d 679, 680 [1984]). In other words, defendant did not assert a sufficient factual basis at trial to justify disclosure of the identity of the confidential informant since the issue of defendant's identification, although challenged, was not closely contested (*see People v Yattaw, supra*; *cf. People v Stanfield*, 7 AD3d 918, 920-921 [2004]).\*

Finally, we are unpersuaded that the principles espoused in *Crawford v Washington* (541 US 36 [2004]) were implicated in this case.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.

---

\* Even though County Court denied defendant's request for disclosure of the confidential informant's identity, it nevertheless granted the defense a missing witness charge regarding this person. Although, in our view, the defense was not entitled to this charge (*see People v White*, 265 AD2d 843 [1999], *lv denied* 94 NY2d 868 [1999]; *People v Williams*, 242 AD2d 917 [1997], *lv denied* 91 NY2d 899 [1998]; *People v Morris*, 159 AD2d 934 [1990], *lv denied* 76 NY2d 793 [1990]), granting same alleviates any possible prejudice from the court's failure to disclose the informant's identity. Stated differently, any error in failing to disclose the identity of the confidential informant was harmless given this instruction to the jury.