■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLINTON PLUMMER, Appellant. [806 NYS2d 306]—

Spain, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 10, 2004, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Upon trial evidence that, in April 2003, defendant sold crack

cocaine to a police informant in the City of Albany, defendant was convicted by a jury of the crime of criminal sale of a controlled substance in the third degree and sentenced, as a second felony offender, to a prison term of 10 to 20 years. On defendant's appeal, we affirm.

Defendant's primary contention on appeal is that he did not receive the effective assistance of counsel. On our review, we conclude that defense counsel pursued a coherent trial strategy, made appropriate motions and objections and otherwise provided defendant with meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]). According to defendant, defense counsel disclosed his incarceration to the prospective jurors during jury selection. Inasmuch as the voir dire of the jury was not recorded, we are unable to ascertain the context and possible rationale for such a disclosure, if made. In any event, it is unnecessary to resolve those issues because, at most, defendant has alleged only a fleeting reference to his incarceration and the record reveals that County Court made other efforts—such as supplying defendant upon his request with a well-fitting shirt—to avoid any constant reminder to the jury that defendant was incarcerated at the time of trial (*cf. Estelle v Williams*, 425 US 501, 504-505 [1976]). Under these circumstances, we conclude that defendant was not thereby deprived of a fair trial (*see People v Farless*, 245 AD2d 878, 879 [1997], *lv denied* 91 NY2d 972 [1998]; *People v Fioravantes*, 229 AD2d 784, 785-786 [1996], *lv denied* 89 NY2d 920 [1996]; *People v Pelt*, 161 AD2d 284, 284-285 [1990], *lv denied* 76 NY2d 862 [1990]; *cf. People v Connor*, 137 AD2d 546, 550 [1988]).

We also reject defendant's contention that he was deprived of a fair trial by counsel's acquiescence to and elicitation of testimony suggesting his involvement in prior drug transactions. At trial, the informant made several, undetailed references to prior communications between the informant and the individual—allegedly defendant—who sold the informant drugs in April 2003. We find that this information was properly admitted during the People's direct case to establish a basis for the informant's identification of defendant (*see People v Torres*, 19 AD3d 732, 734 [2005], *lv denied* 5 NY3d 810 [2005]). Defense counsel briefly questioned the informant regarding his prior contacts with the buyer, consistent with the defense theory that the informant misidentified defendant and had actually communicated with someone else. A fleeting reference to prior convictions by one of the investigating officers on direct examination was quickly cut off by County Court (*see People v Perkins*, 5 AD3d 801, 803 [2004], *lv denied* 3 NY3d 701 [2004]). In each

of these instances, the court gave prompt and appropriate limiting instructions, ameliorating any prejudice to defendant (*see People v Edmunds*, 21 AD3d 578, 580 [2005], *lv denied* 5 NY3d 828 [2005]).

Further, we discern no error in the admission of testimony by a forensic scientist identifying the substance sold to the informant as cocaine. "The admissibility of expert testimony lies primarily in the sound discretion of the trial court" (*People v Wright*, 13 AD3d 726, 728 [2004], citing *People v Williams*, 97 NY2d 735, 736 [2002]). Contrary to defendant's contention, it was not essential for the expert to establish the accuracy of the known standard she employed in some of her testing as a reliable norm because she also conducted a test which did not require comparison to an established standard (*see People v Lopez*, 266 AD2d 735, 738 [1999], *lv denied* 94 NY2d 922 [2000]). Thus, we conclude that defendant was afforded meaningful representation (*see People v Miller*, 13 AD3d 890, 892 [2004]; *People v Bell*, 5 AD3d 804, 806-807 [2004], *lv denied* 3 NY3d 636 [2004]; *People v McDonald*, 255 AD2d 688, 688-689 [1998]).

Defendant also argues that the verdict was against the weight of the credible evidence. Trial testimony established that the informant, who phoned defendant in the presence of two detectives and arranged a meeting, recognized his voice and met him at a prearranged spot where defendant sold cocaine to him. Eyewitness testimony from five police detectives identified defendant as the individual who approached, entered and exited the informant's vehicle that night. Affording appropriate deference to the factfinder's credibility assessments, we find no basis upon which to set aside the verdict (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Tirado*, 19 AD3d 712, 713-714 [2005], *lv denied* 5 NY3d 810 [2005]; *People v Luck*, 294 AD2d 618, 619 [2002], *lv denied* 98 NY2d 699 [2002]).

We have fully considered but are unpersuaded by defendant's remaining contentions.

Crew III, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.