■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM RUFFINS, Appellant. [817 NYS2d 826]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered May 21, 2004. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment entered upon a jury verdict convicting him of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]) arising from the recovery, upon the execution of a search warrant, of cocaine found in defendant's residence. Contrary to the contention of defendant, County Court properly denied his request to disclose the identity of the confidential informant who supplied information in support of the application for the search warrant. "Defendant failed to es-

tablish that the [confidential] informant's testimony would tend to be exculpatory or would create a reasonable doubt as to the reliability of the prosecution's case" (*People v Williams*, 242 AD2d 917, 918 [1997], *lv denied* 91 NY2d 899 [1998] [internal quotation marks omitted]; *see People v Lesiuk*, 81 NY2d 485, 489 [1993]). Contrary to the further contention of defendant, the court did not abuse its discretion in denying his request for a missing witness charge with respect to the confidential informant. "Because the People were not obligated to produce the confidential informant, defendant was not entitled to a missing witness charge with respect to the confidential informant" (*Williams*, 242 AD2d at 918).

Even assuming, arguendo, that defendant is correct that the court erred in allowing opinion testimony on the ultimate issue of possession with intent to sell, we conclude that any error in the admission of that testimony is harmless (*see People v Russell*, 2 AD3d 1455, 1457 [2003], *lv denied* 2 NY3d 745 [2004]; *People v Williams*, 224 AD2d 725 [1996], *lv denied* 88 NY2d 855 [1996]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of criminal possession of a controlled substance in the third degree (*see People v Gray*, 86 NY2d 10, 19 [1995]). The verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, the court properly denied without a hearing defendant's CPL 330.30 motion to set aside the verdict based on alleged juror misconduct (*see People v Harrell*, 284 AD2d 248, 249 [2001], *lv denied* 97 NY2d 656 [2001]; *see generally People v Maragh*, 94 NY2d 569, 574 [2000]; *People v Cilberg*, 255 AD2d 698, 700 [1998], *lv denied* 93 NY2d 968 [1999]). Present—Kehoe, J.P., Gorski, Martoche, Pine and Hayes, JJ.