■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD BURROUGHS JR., Appellant. [882 NYS2d 751]—

Spain, J.P. Appeal from a judgment of the County Court of Greene County (Lalor, J.), rendered August 12, 2008, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree (three counts) and criminal sale of a controlled substance in the third degree (two counts).

Following a jury trial, defendant was convicted as charged of criminal possession of a controlled substance in the second degree, three counts of criminal possession of a controlled substance in the third degree and two counts of criminal sale of a controlled substance in the third degree based upon evidence that he possessed and sold cocaine to a confidential informant (hereinafter CI) in the Town of Greenville, Greene County. The evidence at trial established that in March 2007, suspicious that defendant was involved in drug sales, police officers with the New York State Police Community Narcotics Enforcement Team utilized a CI to engage in two controlled buys on March 13 and 14 at the apartment where defendant resided. Officers observed the CI, equipped with a sound recording device and provided with prerecorded "buy" money, enter and exit the apartment, and the senior investigator overheard the transactions via an electronic transmitter. Shortly after the second purchase, police executed a search warrant at the apartment and found, among other things, a triple beam scale and a smaller digital scale, syringes and a large bag containing four smaller bags of approximately five ounces of cocaine in the couch in the living

room. A search of defendant disclosed the prerecorded buy money in his pocket. At trial, the senior investigator, the CI and another witness testified that it was defendant's voice on the recordings; the CI identified defendant, who he knew previously, as the seller and described how defendant had removed the cocaine from under the couch cushions during the second sale. Upon his convictions, defendant was sentenced to an aggregate prison term of 19 years with seven years of postrelease supervision. Defendant now appeals, and we affirm.

We find defendant's contention that his convictions were not supported by legally sufficient evidence to be unavailing. Initially, defendant argues that the People's forensic scientist failed to adequately establish that the alleged narcotics were cocaine. The expert testified that each of the three tests she performed confirmed that the substances were cocaine. Contrary to defendant's assertion, it was not necessary for the expert to establish the accuracy of the known standard she employed in one of three separate tests of the seized substances because she also performed two other tests which did not require comparison with an established standard (see People v Plummer, 24 AD3d 1027, 1029 [2005], lv denied 6 NY3d 837 [2006]; People v Lopez, 266 AD2d 735, 738 [1999], lv denied 94 NY2d 922 [2000]).

As to the admissibility of the voice recordings, the People initially indicated, in response to defendant's demand to produce, their intent not to use the recordings at trial. However, the People later furnished a copy of the recordings to defendant—months prior to trial—and, at that time, announced their intent to use them. Under such circumstances, defendant suffered no prejudice and it was not an abuse of discretion for County Court to admit the recordings into evidence (see People v Jenkins, 98 NY2d 280, 283-284 [2002]).

As to the recordings' authenticity, the senior investigator who recorded the transactions testified that he had listened to them as they occurred and later transferred the original recordings to a CD. He testified that the CD recordings were a fair and accurate reproduction of the original recordings of the conversations without any changes, alterations or deletions. He also testified that he recognized the voice on the recordings as that of defendant based upon a short conversation he had with defendant a few months prior to these sales and having overheard these transactions when they occurred. In light of this proof, County Court properly found that the CD recordings had been authenticated (see People v Ely, 68 NY2d 520, 527 [1986]; People v Tillman, 57 AD3d 1021, 1024-1025 [2008]).

Moreover, the People sufficiently established that defendant possessed and sold cocaine to the CI on the days in question. The CI and another witness testified that they were present when the sales occurred, that it was defendant who actually possessed and sold the cocaine to the CI and that it was defendant's voice on the CD recordings. Indeed, their testimony was corroborated by the CD recordings, the testimony of the investigating officers and defendant's possession of the prerecorded money. Furthermore, with regard to the cocaine found in the couch, the People proved that defendant exercised dominion and control over the small apartment and the couch where the cocaine was seized, which established his constructive possession of it (*see* Penal Law § 10.00 [8]; *People v Manini*, 79 NY2d 561, 573 [1992]; *People v Arrington*, 31 AD3d 801, 803 [2006], *lv denied* 7 NY3d 865 [2006]).* Viewing the evidence in the light most favorable to the prosecution, and giving the People the benefit of every reasonable inference, we find that the People satisfied their burden of proving that defendant possessed all of the cocaine in issue and acted with the requisite intent to sell when he possessed and sold cocaine to the CI on each date in question (*see People v Acosta*, 80 NY2d 665, 672 [1993]; *People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Contes*, 60 NY2d 620, 621 [1983]; *People v Elhadi*, 304 AD2d 982, 982-983 [2003], *lv denied* 100 NY2d 580 [2003]).

We are also unpersuaded by defendant's challenge to the verdict as contrary to the weight of the evidence. While the two eyewitnesses who testified to defendant's sale of narcotics were known drug users who had admittedly lied on prior occasions, their credibility was fully explored at trial. It was the jury's province to resolve issues of credibility and "[g]reat deference is accorded to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Bleakley*, 69 NY2d at 495; *People v Nealon*, 36 AD3d 1076, 1077-1078 [2007], *lv denied* 8 NY3d 988 [2007]). Importantly, defendant was found with over $1,200 in cash, including the prerecorded buy money. He was identified by all witnesses as the seller and, upon execution of the search warrant, he was found in close proximity to the drugs, scales and other drug paraphernalia. In light of the strength of the evidence against defendant, we are not persuaded that a different verdict would have been reasonable and find that the jury gave the evidence the weight it should be accorded (*see People v Bleakley*, 69 NY2d at 495).

Next, we also find to be without merit defendant's argument

---

* The testimony established that defendant slept on the mattress next to the couch, and removed drugs from the couch during the second sale.

that the People committed *Brady* violations which require a reversal. A *Brady* violation occurs when the People fail to disclose evidence favorable to defendant which is exculpatory or may be used for impeachment purposes (*see Brady v Maryland*, 373 US 83, 87-89 [1963]; *People v Fuentes*, 12 NY3d 259, 263 [2009]). Such evidence includes any material that would establish a cooperation agreement between a witness and the prosecution (*see People v Steadman*, 82 NY2d 1, 7-8 [1993]; *People v Novoa*, 70 NY2d 490, 496-497 [1987]; *People v Tucker*, 40 AD3d 1213, 1215-1216 [2007], *lv denied* 9 NY3d 882 [2007]). As distinguished from cases involving a complete failure to disclose (*see People v Fuentes*, 12 NY3d at 263), where, as here, disclosure occurs after trial begins, reversal is not required so long as the defense was afforded a meaningful opportunity to use it to cross-examine the People's witnesses or as evidence-in-chief (*see People v Cortijo*, 70 NY2d 868, 870 [1987]; *People v Flagg*, 30 AD3d 889, 892 [2006], *lv denied* 7 NY3d 848 [2006]).

Here, after the trial commenced, the CI entered into a cooperation agreement with the People—in the presence of defendant's counsel—regarding pending unrelated charges. Additionally, defendant became aware, during the cross-examination of the CI, that another person who resided at the apartment was a drug dealer, a fact not known to the People beforehand, according to the prosecution. Despite the timing of these disclosures, it is clear that the defense was provided with this information prior to cross-examining the pertinent witnesses. Indeed, the defense failed to establish any prejudice given its meaningful opportunity to cross-examine the witnesses regarding this information and challenge their credibility, as well as use the information during summation (*see People v Fuentes*, 12 NY3d at 263; *People v Cortijo*, 70 NY2d at 870; *People v Swansbrough*, 22 AD3d 877, 879 [2005]). Defendant's other claimed *Brady* violations were either unsupported, nonexculpatory or of such little impeachment value as to not meet the materiality standard required to establish a *Brady* violation (*see People v Fuentes*, 12 NY3d at 264-265; *People v Crandall*, 38 AD3d 996, 997 [2007], *lv denied* 9 NY3d 842 [2007]).

Finally, defendant argues that the sentence of nine years for his March 13, 2007 possession and sale, imposed consecutively to the concurrent sentences on the remaining counts, the maximum of which was 10 years for his March 14, 2007 possession of the cocaine found in the couch (*see* Penal Law § 70.70 [2] [a] [i]; § 70.71 [2] [b] [ii]), is unduly harsh and excessive. Upon our careful review, in light of his failure to take any responsibil-

ity for his drug dealing and considering the large quantity of drugs found in his possession as well as his extensive criminal history spanning over 25 years including numerous convictions for drug-related crimes, we find no abuse of discretion or extraordinary circumstances that would warrant modification of County Court's lawful sentence (*see People v Elliot*, 57 AD3d 1095, 1097 [2008], *lv denied* 12 NY3d 783 [2009]; *People v Richardson*, 28 AD3d 1002, 1005 [2006], *lv denied* 7 NY3d 817 [2006]).

Kane, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.

