■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DURRELL R. WILSON, Appellant. [897 NYS2d 746]—

Stein, J. Appeal from a judgment of the County Court of Broome County (Cerio, Jr., J.), rendered November 7, 2008, convicting defendant following a nonjury trial of the crimes of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds.

On October 11, 2007, while working undercover, a detective from the Broome County Sheriff's Office called a cell phone number provided by a confidential informant (hereinafter CI) and arranged to meet an individual by the name of "Ace." Shortly before the meeting, the detective looked at photographs of three individuals, including defendant, who were suspected of using the street name of "Ace" and of selling controlled substances. Upon arriving at a location designated by Ace, a man the detective identified as defendant approached the car and sold the detective $50 worth of cocaine in a "knotted wrap."* On October 25, 2007, the detective again called one of the cell phone numbers provided by the CI and arranged to meet Ace— this time at a location in close proximity to a school—and purchased $50 worth of cocaine from a man who the detective again identified as defendant and as the same person who sold him cocaine two weeks earlier.

Defendant was thereafter charged with criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds. Following a nonjury trial, defendant was found guilty of both crimes. Prior to

---

* According to the record, a "knotted wrap" is the term commonly used for cocaine or crack cocaine packaged for sale in the corner of a plastic bag.

sentencing, defendant wrote three letters to the judge formerly assigned to his case, which County Court treated as a motion to set aside the verdict pursuant to CPL 330.30 (1). County Court denied the motion and subsequently proceeded to sentence defendant. Defendant now appeals, claiming that there was legally insufficient evidence to convict him and that his convictions were against the weight of the evidence.

We affirm. The issues before us distill to the legal sufficiency and/or adequacy of the evidence as to defendant's identity. Initially, we note that defendant did not preserve for appellate review his claim that the People failed to adduce legally sufficient evidence that he was the person who sold cocaine to the detective on October 11 and 25, 2007 (see People v Finger, 95 NY2d 894, 895 [2000]; People v Scott, 67 AD3d 1052, 1054 [2009]; see generally People v Gray, 86 NY2d 10 [1995]). Nevertheless, as part of our weight of the evidence review, we necessarily evaluate the proof regarding each element of the crimes charged and, "[i]f based on all the credible evidence a different finding would not have been unreasonable, then [we] must, like the trier of fact below, 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (People v Bleakley, 69 NY2d 490, 495 [1987], quoting People ex rel. Mac-Cracken v Miller, 291 NY 55, 62 [1943]; see People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Caston, 60 AD3d 1147, 1148-1149 [2009]).

We are unpersuaded by defendant's contention that, with regard to his identity or connection to the crimes, his convictions are against the weight of the evidence. The detective testified that he got a "good look" at the person who sold him cocaine on the dates in question. On the first occasion, defendant approached the detective's truck and then leaned in through the passenger window to take the money from the detective and give him the cocaine. The two then had a brief conversation before the detective left the area. On the second occasion, after the detective observed defendant walking towards his truck, defendant got into the passenger side of the truck, where he exchanged cocaine for money. The detective then drove defendant to a different location. At trial, the detective identified defendant as being the same person from whom he purchased cocaine on both occasions. Any inconsistencies between the descriptions of defendant contained in various internal case file/agency reports and defendant's actual appearance raised credibility issues for the trier of fact to determine (see People v Douglas, 57 AD3d 1105, 1106 [2008], lv denied 12 NY3d 783

[2009]). Upon our independent review of the evidence, we discern no basis to disturb County Court's determinations regarding the credibility of this testimony.

Nor must we reach a different result than the factfinder due to the lack of fingerprint evidence, a cell phone trace or other physical or documentary evidence linking defendant to the crimes. The People presented credible evidence that it is rare to obtain viable fingerprints from a plastic bag containing drugs and that the cell phones used in drug operations are generally not registered. Additionally, we reject defendant's contention that the weight of the credible evidence established that the detective actually purchased cocaine from Nigel Saunders (another individual depicted in the photographs viewed by the detective before the controlled buys), not defendant, on October 11 and 25, 2007. The evidence established that the detective separately identified Saunders in connection with a drug buy that took place on October 16, 2007, and that Saunders was arrested as a result of that transaction. There was also testimony that multiple individuals commonly use the same "street name" and share cell phones in connection with drug sales, providing a reasonable explanation for why defendant and Saunders used the same street name and cell phone number. Thus, we conclude that defendant's convictions were not against the weight of the evidence (*see People v Douglas*, 57 AD3d at 1106; *People v Young*, 35 AD3d 958, 960 [2006], *lv denied* 8 NY3d 929 [2007]).

Peters, J.P., Spain, Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed.