■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY W. DARBY, Also Known as WILLIAM NEAL JR., Also Known as WILLIAM L. DARBY, Also Known as B, Appellant. [897 NYS2d 795]—

Kavanagh, J. Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered October 28, 2008, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the seventh degree (three counts).

In January 2008, an undercover officer, while accompanied by a confidential informant, purchased cocaine on three separate occasions from an individual identified as B. Defendant was later identified by the undercover officer as the seller in a photo array conducted at police headquarters and subsequently charged in a six-count indictment with criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the seventh degree (three counts).[1] After trial, defendant was found guilty as charged and sentenced to an aggregate prison term of 16 years, plus four years of postrelease supervision. Defendant now appeals.

Initially, defendant claims that the evidence presented at trial was not legally sufficient to establish that he sold cocaine to the undercover officer and that his conviction was not supported by the weight of the credible evidence. We disagree. The undercover officer testified that he had three face-to-face encounters with

1. Counts one through four involved the two sales that took place within one-half hour of each other on January 22, 2008 and counts five and six involved the sale that occurred on January 24, 2008.

the seller, provided a detailed description of him shortly after the sales took place and positively identified defendant in court as the individual who sold him the cocaine. The undercover officer's supervisor witnessed the third transaction and also identified defendant in court as the seller. Moreover, a videotape was made of the encounters and, while defendant apparently could not be identified from what appeared on the tape, it did serve to corroborate the officer's testimony that each transaction did, in fact, take place. This evidence provided a legally sufficient basis for defendant to be convicted of selling cocaine to the undercover officer and established that the jury's guilty verdict was supported by the weight of the credible evidence introduced at trial (*see People v Douglas*, 57 AD3d 1105, 1105-1106 [2008], *lv denied* 12 NY3d 783 [2009]; *People v Morton*, 56 AD3d 1054, 1055-1056 [2008], *lv denied* 12 NY3d 761 [2009]; *see generally People v Guthrie*, 57 AD3d 1168, 1170 [2008], *lv denied* 12 NY3d 816 [2009]).

Next, defendant takes issue with the fact that the identity of the confidential informant was not disclosed and, as a result, he was not able to call the informant as a witness at trial. In addition, he claims that County Court committed reversible error by refusing to give the jury a missing witness charge in light of the prosecution's decision not to call the confidential informant as a witness. While we are troubled by the failure to disclose the identity of the informant given the level of his involvement in these transactions, we note that defendant never established how the informant's testimony would be relevant to his defense. Instead, defense counsel simply alleged without any specificity that the testimony of the confidential informant would "tend to be exculpatory and will create a reasonable doubt as to the reliability of the prosecution's case." Moreover, defense counsel conceded that "I am not asking to have him brought in on the issue of identity . . . I am seeking to have him brought in as a material witness to the transaction and a participant in the transaction." Under the circumstances, it was not possible for County Court to determine if defendant's application for disclosure of the confidential informant was nothing more than "merely an angling in desperation for possible weaknesses in the prosecution's investigation" and, as such, was properly denied (*People v Goggins*, 34 NY2d 163, 169 [1974], *cert denied* 419 US 1012 [1974]; *see People v Garcia*, 66 AD3d 699, 700 [2009]; *People v Wilson*, 18 AD3d 1070, 1071 [2005]).

Moreover, as to defendant's request for a missing witness charge, all of the evidence introduced at trial established that, if called, the confidential informant's testimony would have been

cumulative to that already given by police officers who testified as to the circumstances surrounding the three sales (*see People v Guthrie*, 57 AD3d at 1170; *People v Ruffins*, 31 AD3d 1180, 1181 [2006]; *People v Wilson*, 18 AD3d at 1071 n). We also note that while defendant did not receive the benefit of such a charge, his counsel did comment extensively during summation and, in effect, urged the jury to draw an adverse inference against the prosecution because of its failure to call the informant as a witness at trial.

We do agree that defendant's name should not have been placed on transcripts prepared by the prosecution that were given to the jury when it viewed the videotapes of the drug transactions. However, County Court did instruct the jury that it should not regard references in the transcript to defendant as "evidence of his identity as the person" who made these sales to the undercover officer. Moreover, in light of the other evidence introduced at trial establishing defendant's guilt, we cannot conclude that the use of his name on these transcripts, given the court's admonition, played a significant role in the jury's decision to convict him or constituted reversible error requiring a new trial (*see People v Carter*, 31 AD3d 1056, 1058 [2006], *lv denied* 7 NY3d 901 [2006]).

We are also of the view that County Court did not abuse its discretion in denying defendant's request for new counsel. Initially, we note that the court did not, as defendant alleges, summarily deny his request for new counsel prior to conducting any inquiry into his complaints regarding the representation he had been receiving. After defendant informed the court that counsel was not communicating with him, the court conducted an inquiry and found that there was simply no basis for concluding that the representation that defendant had received was inadequate or that new counsel should be assigned. At that point, defendant announced that he would act as his own counsel. The court, after properly advising defendant of the perils inherent in self-representation, determined that he had made an informed choice and was entitled to act as his own counsel. At the same time, the court directed that assigned counsel remain available to advise defendant and provide him with any assistance he might need during the course of his prosecution. When the court refused defendant's request for an adjournment at the pretrial hearings, defendant changed his mind about proceeding without counsel and, after a Public Defender was reassigned to represent him, a different attorney from that office assumed responsibility for defendant's representation. On these facts, County Court, in our view, gave appropriate consideration to de-

fendant's complaints (*see People v Manley*, 70 AD3d 1125, 1125-1126 [2010]; *People v Davenport*, 58 AD3d 892, 895 [2009], *lv denied* 12 NY3d 782 [2009]) and did not abuse its discretion in refusing to assign him new counsel (*see People v Sides*, 75 NY2d 822, 824 [1990]; *People v Brown*, 62 AD3d 1089, 1092 [2009], *lv denied* 13 NY3d 742 [2009]; *People v Breedlove*, 61 AD3d 1120, 1121-1122 [2009], *lv denied* 12 NY3d 913 [2009]).

Finally, defendant argues that his sentence was legally improper as well as harsh and excessive. Specifically, he claims that all three sales for which he stands convicted were part of the same criminal transaction and that all the sentences imposed for these convictions had to be served concurrently. We disagree. The two sales for which County Court imposed eight-year concurrent prison sentences occurred on the same day within a relatively short time period and, as such, can be said to have been part of the same criminal transaction. However, these two sales were not so "closely related and connected in point of time and circumstance" to the third sale that took place two days later "as to constitute a single criminal incident" or "a single criminal venture" (CPL 40.10; *see* Penal Law § 70.25 [1]). As such, the third sale represented a separate criminal transaction and a consecutive prison sentence could properly be imposed for this conviction (*see People v Perry*, 70 AD3d 1063, 1065 [2010]). In addition, given defendant's prior criminal history, we see no abuse of discretion or extraordinary circumstances that would warrant a modification of the sentence (*see People v Burroughs*, 64 AD3d 894, 899 [2009], *lv denied* 13 NY3d 794 [2009]; *People v Litchfield*, 63 AD3d 1445 [2009]; *People v Douglas*, 57 AD3d at 1106).[2]

Defendant's remaining contentions have been reviewed and found to be lacking in merit.

Peters, J.P., Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.

---

**2.** Defendant was also sentenced to one year on each conviction of criminal possession of a controlled substance in the seventh degree (counts two, four and six), with each to run concurrently with his other sentences (*see* Penal Law § 70.70 [1]).