■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMARI WILKINS, Appellant. [904 NYS2d 820]—

Malone Jr., J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered May 14, 2009, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

On February 12, 2008, Saratoga County Deputy Sheriff Keith Clinton and a confidential informant purchased crack cocaine at a gas station in the Town of Colonie, Albany County from an individual who appeared to be staying at a motel near the gas station. Colonie Police Officer Stephen Donovan had accompanied the informant and Clinton, and observed the transaction from his location at a nearby gas pump. The following day, Donovan obtained photocopies of the driver's licenses for two motel guests from the motel desk clerk, and, from those, he and Clinton identified defendant as the seller. Defendant was subsequently arrested and charged with criminal sale of a controlled substance in the third degree. He was found guilty following a jury trial and was then sentenced to a prison term of 4½ years, with two years of postrelease supervision. Defendant appeals.

Initially, we disagree with defendant's contention that the verdict was against the weight of the evidence. At trial, Donovan and Clinton both testified that they had observed the seller close up and in a well-lit area, and identified defendant as the individual who had delivered the crack cocaine to Clinton. Although Clinton and Donovan provided apparently inaccurate height and weight estimates of the seller on the night of the transaction, that discrepancy presented a credibility issue, and the jury's resolution of such issue is accorded great deference (*see People v Wilson*, 71 AD3d 1333, 1334 [2010]; *People v Burroughs*, 64 AD3d 894, 897 [2009], *lv denied* 13 NY3d 794 [2009]). Moreover, the confidential informant wore a video and audio recording device that recorded the incident. This recording was introduced at trial and provided evidence to corroborate the testimony of Clinton and Donovan (*see People v Darby*, 72 AD3d 1280, 1282 [2010]). Although a different verdict would not have been unreasonable, the in-court identification of defendant of both Clinton and Donovan, as well as the testimony of their observations on the night of the sale, establish that "the jury was justified in finding . . . defendant guilty beyond a reasonable doubt" (*People v Danielson*, 9 NY3d 342, 348 [2007]).

We are not persuaded by defendant's contention that County Court erred by finding, after a hearing, that the photographic identifications of him by Clinton and Donovan—both experienced narcotics investigators—were not unduly suggestive (*see generally People v Wharton*, 74 NY2d 921 [1989]). Nor are we

persuaded by the contention that County Court improperly denied defendant's request for a missing witness charge. Considering that the jury heard the testimony of the two investigators who participated in the planned buy, as well as the audio and video recording of the transactions between the informant and defendant, we cannot say that County Court abused its discretion in denying the charge request on the basis that the informant's testimony would have been cumulative (*see People v Darby*, 72 AD3d at 1282-1283; *People v White*, 265 AD2d 843, 844 [1999], *lv denied* 94 NY2d 868 [1999]). Moreover, defense counsel was expressly permitted to comment during summation regarding the People's failure to produce the informant at trial, rendering any alleged error harmless (*see People v Demagall*, 63 AD3d 34, 40 [2009], *lv denied* 12 NY3d 924 [2009]).

Finally, we have considered defendant's remaining contentions—that he did not receive the effective assistance of counsel and that his sentence is harsh and excessive—and find them to be unavailing.

Cardona, P.J., Mercure, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.