■ The People of the State of New York, Respondent, v Albert Serrano, Appellant. [952 NYS2d 669]—

---

Mercure, J.P.

Defendant was charged in an indictment with numerous crimes after he sold drugs to a confidential police informant (hereinafter the CI) on three occasions in 2008. Defendant requested, among other things, all *Brady* material, copies of tape-recorded conversations between defendant and the CI, and a copy of the search warrant and supporting affidavits. County Court directed that the documents be redacted to protect the CI's identity. Upon receiving the tape-recorded conversations the day before trial was scheduled, it was discovered that defense counsel's office represented the CI and, therefore, that counsel had a conflict of interest. Defendant informed County Court that he could not afford to retain new counsel, and the court then repeatedly offered to appoint new counsel and adjourn the case for trial. Nevertheless, defendant elected to accept the People's offer—which predated the indictment and, thus, had been negotiated prior to the conflict coming to light—to plead guilty to criminal sale of a controlled substance in the third degree and attempted criminal possession of a weapon in the second degree. He was sentenced, as a second felony offender, to seven years in prison to be followed by five years of postrelease supervision. Defendant appeals, and we now affirm.

Defendant argues that his plea was rendered involuntary by the People's withholding of *Brady* material until the eve of trial. Specifically, he maintains that the failure to timely disclose the CI's identity forced him to choose between entering a guilty plea or being deprived of his right to conflict-free counsel of his choice.* We disagree.

A *Brady* violation occurs when "evidence [that] is favorable to the defendant because it is either exculpatory or impeaching in nature . . . was suppressed by the prosecution[,] and . . . prejudice arose because the suppressed evidence was material" (*People v Fuentes*, 12 NY3d 259, 263 [2009]; *see People v Bur-*

---

* Defendant's challenges to the voluntariness of his plea survive his waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Herringshaw*, 83 AD3d 1133, 1134 [2011]). Moreover, while the People assert that certain of defendant's arguments are also unpreserved because he did not move to vacate his judgment of conviction or withdraw his guilty plea, we note that defendant, in his pro se brief, indicates that he advanced these arguments in his separate CPL 440.10 motion to vacate the judgment.

*roughs*, 64 AD3d 894, 898 [2009], *lv denied* 13 NY3d 794 [2009]). Even with untimely disclosure of such evidence, however, no prejudice arises and reversal is not required when the defendant has been given "a meaningful opportunity" to use the evidence (*People v Cortijo*, 70 NY2d 868, 870 [1987]; *see People v Burroughs*, 64 AD3d at 898; *People v Williams*, 50 AD3d 1177, 1179 [2008]). Assuming without deciding that the CI's name and criminal history constituted *Brady* material, County Court afforded defendant a meaningful opportunity to use the evidence. Specifically, the court repeatedly advised that, at defendant's request, it would grant an adjournment and appoint new counsel for trial. Under these circumstances, defendant has failed to demonstrate that the alleged *Brady* violation, in itself, requires reversal (*see People v Cortijo*, 70 NY2d at 870; *People v Burroughs*, 64 AD3d at 898; *People v Muniz*, 215 AD2d 881, 883-884 [1995]).

Furthermore, the record does not support defendant's contention that he was denied the right to conflict-free counsel of his choice or that his plea was involuntary. Defendant's submissions on appeal flatly contradict his assertions that his counsel was aware of the conflict from the beginning of the proceedings. While he now argues that he was denied the opportunity to retain counsel on his own and proceed to trial, the transcript of the plea proceedings demonstrates that County Court offered to adjourn the matter for trial, as noted above. Moreover, it was in response to defendant's statements that he could not afford to retain an attorney and did not trust the Public Defender's office that the court offered to appoint counsel with no connection to the Public Defender's office. Defendant stated that he understood the court's instructions in that regard and indicated that "[n]o one can talk me out of" pleading guilty. Finally, to the extent that defendant now asserts "a conflict-based claim of ineffective assistance of counsel," he has not met his burden of demonstrating " 'that the conduct of his defense was in fact affected by the operation of the conflict of interest, or that the conflict operated on the representation' " (*People v Konstantinides*, 14 NY3d 1, 10 [2009], quoting *People v Ortiz*, 76 NY2d 652, 657 [1990]; *see People v Abar*, 99 NY2d 406, 410-411 [2003]; *People v Herringshaw*, 83 AD3d at 1134-1135; *see also People v Harris*, 99 NY2d 202, 209-212 [2002]).

Spain, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.