Malone Jr., J.
Following a jury trial, defendant was convicted of burglary in the first degree, attempted robbery in the first degree, assault in the second degree and endangering the welfare of a child for his role in an incident in which he and two others broke into the house of Christian McGrath, held McGrath’s then 12-year-old son at gunpoint and repeatedly struck McGrath in the head with a pistol while asking him where his money was located. Defendant was then sentenced to an aggregate prison term of 12V2 years, followed by five years of postrelease supervision. Defendant appeals.
Defendant’s conviction is not against the weight of the evidence. At trial, both McGrath and his son testified unequivocally that they recognized defendant as the person who had repeatedly struck McGrath with the gun while demanding that McGrath turn over his money, based upon both defendant’s voice and his physical appearance. McGrath testified that he and defendant were close acquaintances and that he had heard defendant’s voice, which had a distinctive accent, “[mjillions of times.” He also testified that he recognized defendant’s eyeglasses that defendant wore every day. McGrath’s testimony was corroborated by his son, who testified that he was very familiar with defendant and that he also recognized defendant by his distinctive, accented voice. In addition, police officers who responded to McGrath’s 911 call testified that, upon their arrival within minutes after the incident, McGrath immediately reported to them that “Miles” had been one of the men who attacked him. Further evidence established that defendant was familiar with the layout of McGrath’s house and knew that Mc-Grath kept large amounts of cash in his home. In his defense, *1105 defendant’s girlfriend testified that he was elsewhere at the time of the alleged confrontation. According deference to the jury’s credibility determinations (see People v Romero, 7 NY3d 633, 645 [2006]; People v Baltes, 75 AD3d 656, 659 [2010], lv denied 15 NY3d 918 [2010]), and considering the evidence in a neutral light and the inferences that can be reasonably drawn therefrom (see People v Heard, 92 AD3d 1142, 1144 [2012], lv denied 18 NY3d 994 [2012]), the jury’s determination that defendant was guilty of the crimes with which he was charged is supported by the weight of the evidence.
Next, we find no error with respect to County Court’s denial of defendant’s request for a missing witness charge. Contrary to defendant’s assertions, had the People called the two detectives who investigated the incident, their testimony regarding their investigation of the crime scene would have been cumulative to the testimony provided by McGrath, McGrath’s son and the two police officers who responded to the scene (see People v McCottery, 90 AD3d 1323, 1326 [2011], lv denied 19 NY3d 975 [2012]; People v Wilkins, 75 AD3d 847, 849 [2010], lv denied 15 NY3d 857 [2010]).* To the extent that defendant claims that the witnesses could have testified as to why the police did not immediately attempt to locate defendant upon learning of his purported involvement in the incident, defendant did not establish how such testimony would not have been beneficial to the People and, thus, the absence of such testimony did not warrant a missing witness charge (see generally People v Gonzalez, 68 NY2d 424, 428 [1986]; People v Hilliard, 49 AD3d 910, 913 [2008], lv denied 10 NY3d 959 [2008]).
Finally, defendant’s challenge to County Court’s response to a written communication from the jury was not preserved for our review because he made no objection to that response (see CPL 470.05 [2]).
Mercure, J.P, Kavanagh and Egan Jr., JJ, concur. Ordered that the judgment is affirmed.

 We also note that, had the People called the detectives to the stand, County Court’s pretrial Huntley ruling would have prohibited the People from eliciting testimony from them regarding statements made by defendant following the incident.