# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: October 30, 2014      105776
105955

_____

THE PEOPLE OF THE STATE OF
   NEW YORK,

            Respondent,

    v                            MEMORANDUM AND ORDER

GARY WATKINS, Also Known
   as B WAR,

            Appellant.
_____

Calendar Date: September 10, 2014

Before: Lahtinen, J.P., McCarthy, Rose, Lynch and Devine, JJ.

_____

Theodore J. Stein, Woodstock, for appellant.

D. Holley Carnright, District Attorney, Kingston (Carly Wolfrom of counsel), for respondent.

_____

McCarthy, J.

Appeals (1) from a judgment of the County Court of Ulster County (Williams, J.), rendered December 3, 2012, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (five counts) and criminal possession of a controlled substance in the third degree (five counts), (2) from a judgment of said court, rendered February 20, 2013, which resentenced defendant following said convictions, and (3) from a judgment of said court, rendered February 20, 2013, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree.

Defendant was indicted after an undercover officer made five controlled buys of crack cocaine on two occasions from defendant directly and on three other occasions from codefendant Isiah Pickett. At trial, a jury found defendant guilty of five counts each of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. County Court sentenced him, as a second felony offender, to an aggregate prison term of 15 years, followed by three years of postrelease supervision.[1]

In a separate matter, defendant was charged in a four-count indictment pertaining to an incident where he assaulted a man with a tire iron. After his trial on the drug charges, defendant pleaded guilty to the reduced charge of attempted assault in the second degree in satisfaction of that indictment. County Court imposed the agreed-upon sentence of 2 to 4 years in prison, to be served concurrently with his sentence on the drug charges. Defendant appeals.

The jury's verdict on the 10 drug counts was not contrary to the weight of the evidence. Defendant argues that the evidence did not adequately establish his identity as the person involved in any of these transactions, or that he acted in concert with Pickett for three alleged sales. The undercover officer testified and identified defendant as the individual who personally sold him crack cocaine on two occasions. The officer also testified regarding numerous phone calls with defendant to arrange sales of cocaine. During the calls, the undercover officer or a confidential informant referred to defendant by his street name. After three of those calls, wherein defendant indicated that he was not in the area but "his people" were available or Pickett was holding his supply, the officer proceeded to the selected location and engaged in drug purchases from Pickett at the price and amount agreed upon with defendant (see Penal Law § 20.00). Audio recordings of the phone calls and

_____

[1] County Court later resentenced defendant to reflect the correct counts of the indictment, but the aggregate sentence remained the same.

the drug transactions themselves were entered into evidence and played for the jury. Two other police officers testified that they knew defendant's voice from previous contact and recognized the voice on the phone as defendant's. This evidence adequately established that defendant personally possessed and sold cocaine on two occasions, and that he acted in concert with Pickett to possess and sell cocaine on three other occasions (see People v Wilkins, 75 AD3d 847, 848 [2010], lv denied 15 NY3d 857 [2010]; People v Vargas, 72 AD3d 1114, 1117-1118 [2010], lv denied 15 NY3d 758 [2010]; People v Wilson, 71 AD3d 1333, 1334-1335 [2010]).

County Court gave the jury a missing witness charge concerning the confidential informant. Defendant did not preserve any argument concerning the wording of that charge because he did not object to the charge that was given or request different language (see People v Hawkins, 110 AD3d 1242, 1244 [2013], lv denied 22 NY3d 1041 [2013]; People v Burdick, 266 AD2d 711, 713 [1999]).

Defendant asserts that he was denied the effective assistance of counsel in his assault matter. To the extent that his claim relates to the voluntariness of his plea, the record does not indicate that he preserved the argument by making an appropriate postallocution motion; to the extent that his claim is unrelated to the voluntariness of the plea, he forfeited such claim by pleading guilty (see People v Lohnes, 112 AD3d 1148, 1150 [2013]).

Lahtinen, J.P., Rose, Lynch and Devine, JJ., concur.

ORDERED that the judgments are affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court