Devine, J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered June 2, 2014, upon a verdict convicting defendant of the crime of rape in the first degree.
On the morning of January 15, 2012, the victim was engaging in prostitution to finance her drug habit and was propositioned by a passing driver in the City of Albany. The two proceeded to a parking lot where, instead of paying the victim, the perpetrator forcibly raped her in the back seat of his car. The victim eventually escaped his clutches and obtained assistance from individuals who were working nearby, prompting the perpetrator to flee. The victim spotted the perpetrator on the street several days later and contacted authorities, who briefly detained him and identified him as defendant. Following an investigation, defendant was charged in an indictment with various offenses stemming from the incident. Defendant was ultimately convicted by a jury of rape in the first degree and was sentenced, as a second felony offender, to a prison term of 21 years to be followed by postrelease supervision of 20 years. He appeals and, County Court having acted with commendable speed to address our concerns regarding the record (137 AD3d 1484 [2016]), we now affirm.
*1252 Defendant first argues that the verdict was against the weight of the evidence. The credibility of the victim was undoubtedly open to question as she was an acknowledged user of heroin and crack cocaine and had mental health issues, as well as a varied criminal history that included crimes of deceit. Nevertheless, while no bystanders observed the rape itself and there is no physical evidence directly establishing that the victim was forced to engage in sexual activity, her testimony was corroborated in other respects. The individuals who were working nearby on the morning of the incident testified that the victim ran toward them, all but nude, crying that she had been raped and begging for help. The victim then underwent a sexual assault examination, and the examining nurse testified that it was “common” not to have injuries as the result of a vaginal rape and that her physical observations were consistent with the assault described by the victim. An analysis of genetic material recovered in the course of that examination further revealed a partial male DNA profile consistent with defendant’s DNA, a consistency that would only hold true for one out of every 5,236 men. The victim never wavered in identifying defendant as the perpetrator and denied that she had a prior sexual relationship with him — indeed, she stated that she had never met him before January 15, 2012— which stood in marked contrast to the implausible account given by defendant. Defendant squarely attacked the credibility of the victim at trial but, despite those efforts, the jury credited her testimony and other proof indicating that the rape had occurred. It is the province of the jury to resolve such credibility issues and, “[according appropriate deference to its determination and viewing the evidence in a neutral light, we conclude that the weight of the evidence supports the verdict” (People v Washington, 89 AD3d 1140, 1141 [2011], lv denied 18 NY3d 963 [2012]; see People v Melendez, 138 AD3d 1159, 1160 [2016]).
Defendant also complains that defense counsel rendered ineffective assistance in various respects. Defendant asserts that the People committed prosecutorial misconduct in cross-examining him about, then referencing in summation, facts outside the trial record relating to the victim abandoning her purse and identification in the car following the assault, and that defense counsel was ineffective in failing to preserve the issue for our review (see People v Wright, 25 NY3d 769, 779-780 [2015]; People v Colburn, 123 AD3d 1292, 1296 [2014], lv denied 25 NY3d 950 [2015]). Any such objection by defense counsel would have been unavailing, however, as the People’s assertions were readily inferable from the victim’s account of *1253 the incident and other testimony that the police had searched unsuccessfully for a pocketbook and personal effects that she had abandoned in the car (see People v Bautista, 132 AD3d 523, 526 [2015]).
Defendant similarly contends that defense counsel was ineffective in failing to object to the admission into evidence of a redacted police interview that omitted blatant references to defendant’s recent release from prison to parole supervision, but contained oblique statements about him having gotten “out” and come “home.” Insofar as defendant acknowledged in his own testimony that he had prior criminal convictions, however, these fleeting references did not deprive him of a fair trial so as to demand further action by defense counsel (see People v Smith, 66 AD3d 1223, 1224 [2009], lv denied 14 NY3d 773 [2010]; People v Plummer, 24 AD3d 1027, 1028 [2005], lv denied 6 NY3d 837 [2006]). The totality of the record shows that defense counsel engaged in appropriate pretrial motion practice, pursued a viable trial strategy, vigorously cross-examined the People’s witnesses and obtained an acquittal on two of the charges, and counsel accordingly provided meaningful representation (see People v Pavone, 26 NY3d 629, 646-647 [2015]; People v Henry, 129 AD3d 1334, 1337 [2015], lv denied 26 NY3d 930 [2015]).
Defendant next argues that County Court abused its discretion in rebuffing his efforts to obtain access to the medical and psychiatric records of the victim. Confidential records such as the ones sought by defendant will not be discoverable in an open-ended “fishing expedition searching for some means of attacking the victim’s credibility” (People v Brown, 24 AD3d 884, 887 [2005], lv denied 6 NY3d 832 [2006]; accord People v McCray, 102 AD3d 1000, 1005 [2013], affd 23 NY3d 193 [2014]; see People v Gissendanner, 48 NY2d 543, 549-550 [1979]). Rather, County Court employed the correct procedure of reviewing the records in camera and assessing whether defendant had “demonstrate [d] that the records contain data ‘relevant and material to the determination of guilt or innocence’ ” (People v Plaza, 60 AD3d 1153, 1154-1155 [2009], lv denied 12 NY3d 919 [2009], quoting People v Gissendanner, 48 NY2d at 548). The pertinent question is whether County Court abused its discretion in declining to order disclosure of the records and, in answering that question, we are mindful that “defendant’s interest [in disclosure] could be outweighed [by the victim’s interest in confidentiality] only if there was no reasonable possibility that the withheld materials would lead to his acquittal” (People v McCray, 23 NY3d 193, 198 [2014]; see People v Gissendanner, 48 NY2d at 548).
*1254 Defendant suggests that the records contain information that would have been useful in challenging the victim’s credibility, such as indications that her observations or memory were unreliable. Defendant was well aware of the victim’s relevant mental health and substance abuse history, however, as the People had obtained that information from conversations with the victim and disclosed it prior to trial. Defense counsel made full use of that information in his cross-examination of the victim, raising the specter that her recollection of events was suspect because of her drug use and mental health issues. Our review of the records confirms that the records “are either cumulative or of little if any relevance to [defendant’s] case” due to the pretrial disclosures of the People and, as a result, County Court did not abuse its discretion in declining to order their disclosure (People v McCray, 23 NY3d at 198-199).
In light of defendant’s extensive criminal history and the serious nature of the offense for which he was convicted, we perceive no extraordinary circumstances or abuse of discretion that would warrant a reduction in the sentence imposed (see People v Terry, 85 AD3d 1485, 1489 [2011], lv denied 17 NY3d 862 [2011]). The remaining challenges advanced by defendant, both in defense counsel’s brief and defendant’s pro se supplemental brief, have been examined and afford no basis for disturbing the judgment.
McCarthy, J.P., Egan Jr., Rose and Clark, JJ., concur.
Ordered that the judgment is affirmed.