People v Sebura (2020 NY Slip Op 01407)





People v Sebura


2020 NY Slip Op 01407


Decided on February 27, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 27, 2020

109986

[*1]The People of the State of New York, Respondent,
v
Cameron M. Sebura, Appellant.

Calendar Date: January 17, 2020

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Colangelo, JJ.


Adam H. Van Buskirk, Auburn, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (John R. Thweatt of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Chemung County (Baker, J.), rendered November 13, 2017, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Defendant was indicted on one count of criminal sale of a controlled substance in the third degree for allegedly selling cocaine to an undercover law enforcement officer while that officer was accompanied by a confidential informant. In addition to other pretrial motion practice, defendant moved to suppress the undercover officer's identification of him from a photo array. Following a Wade hearing, County Court denied the suppression motion. Defendant subsequently pleaded guilty to criminal sale of a controlled substance in the third degree. In accordance with the plea agreement, defendant was sentenced, as a second felony offender, to a prison term of six years, followed by three years of postrelease supervision. Defendant appeals, and we affirm.
Defendant contends that the undercover officer's photo array identification of him as the person who sold the cocaine was unduly suggestive because the undercover officer had been shown a picture of him prior to the controlled buy operation. Defendant, however, did not raise this specific challenge to the identification procedure at the suppression hearing and, thus, his argument is unpreserved (see CPL 470.05 [2]; People v Neal, 133 AD3d 920, 921 [2015], lvs denied 26 NY3d 1107, 1110 [2016]; People v Fields, 66 AD3d 799, 799 [2009], lv denied 13 NY3d 906 [2009]). Next, we discern no abuse of discretion in County Court's denial of defendant's pro se motion for disclosure of the confidential informant's identity, as defendant's motion papers wholly failed to articulate a factual basis justifying disclosure (see People v Goggins, 34 NY2d 163, 169 [1974], cert denied 419 US 1012 [1974]; People v Wilson, 18 AD3d 1070, 1071 [2005]). Further, given that it had already afforded defendant a reasonable opportunity to retain private counsel by way of several adjournments granted over the course of months, County Court did not abuse its discretion in denying defendant's request for an additional adjournment to retain private counsel on the first day of trial (see People v Singleton, 163 AD3d 1272, 1273 [2018]; People v Sapienza, 75 AD3d 768, 770-771 [2010]).
To the extent that we have not expressly addressed any of defendant's arguments, they have been reviewed and found to be without merit.
Garry, P.J., Egan Jr., Mulvey and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.