■ The People of the State of New York, Respondent, v Barron Saunders, Appellant.—Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered May 4, 1989,

convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him as a predicate violent felon to an indeterminate prison term of from 7½ to 15 years, unanimously affirmed.

The trial court erred in limiting the proof of various prior inconsistent statements made by the complaining witness at an earlier trial, which ended in a mistrial. In each of the statements, as shown by the transcript of the earlier trial, the complainant had attributed certain conduct to the co-defendant, albeit not by name. Nevertheless, each reference in the transcript to "this guy", or description based upon attire or otherwise, was accompanied, without objection, by a statement by the trial court that the witness was indicating the co-defendant. We would observe that the very purpose of the remarks made by the trial court at the first trial was to preserve an intelligible record, and we discern no cognizable basis for limiting cross-examination of the witness to the words spoken by him without reference to the essential explanations provided by the Trial Justice. In essence, the Court's interpolations were adopted by the witness as part of his earlier answers.

Nonetheless, we find the error to be harmless under the circumstances. Counsel sought to establish that the complainant had previously testified that it was co-defendant Okanta rather than defendant who wore a green top during the robbery and who subsequently volunteered (while held in police custody) to disclose the whereabouts of complainant's stolen jewelry. These inconsistencies were otherwise brought to the jury's attention through cross-examinations conducted by the two defense counsel.

In light of the fact that the cross-examinations alerted the jury to the apparent inconsistencies in complainant's testimony, and in view of the overwhelming evidence of defendant's guilt, the court's evidentiary error could not have affected the outcome of the trial.

Insofar as defendant argues for the first time on appeal that his right to remain silent was violated by his co-defendant's attorney's comments in his summation, and by the trial court's charge to the jury, the arguments are unpreserved (CPL 470.05 [2]; *People v Autry,* 75 NY2d 836). In any event, defendant's claim that the court, by juxtaposing its "no adverse inference charge" with its "interested witness charge", highlighted the contrast between defendant's decision not to testify and Okanta's willingness to take the stand, is not borne out by the record.

With regard to the summation comment by Okanta's counsel suggesting that an accused person would be expected to take the witness stand and deny criminal liability, at no time during Okanta's counsel's summation was defendant ever mentioned. Concur—Sullivan, J. P., Carro, Wallach and Rubin, JJ.