■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v INJAH TAFARI, Appellant. [891 NYS2d 711]—

Malone Jr., J.

In December 2005, while incarcerated at Eastern Correctional Facility in Ulster County, defendant engaged in a physical altercation involving several correction officers during which he threw chairs through glass windows and caused injuries to two correction officers. As a result, he was charged by indictment with four counts of assault in the second degree and one count of criminal mischief in the third degree.

Following the ensuing jury trial, defendant was convicted of criminal mischief in the third degree, assault in the third degree and two counts of assault in the second degree. Prior to sentencing, defendant unsuccessfully moved pro se to vacate the judgment of conviction pursuant to CPL article 330 and was subsequently sentenced to an aggregate prison term of seven years with five years of postrelease supervision. Defendant appealed from the judgment of conviction and thereafter moved pro se to vacate the judgment pursuant to CPL article 440.

---

That motion was denied by Supreme Court, without a hearing, and this Court granted defendant permission to appeal from that order.

Defendant initially contends that the two assault in the second degree convictions were not supported by legally sufficient evidence and were against the weight of the evidence. Specifically, defendant argues that there was insufficient evidence presented of his intent to cause physical injury (*see* Penal Law § 120.05 [2], [7]). However, viewing the evidence presented in the light most favorable to the People, as we must, we find that a rational person could conclude that defendant intended to injure those correction officers (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Further, while a different result would not have been unreasonable, after evaluating the evidence in a neutral light, and according appropriate deference to the jury's credibility determinations, we likewise find that the verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d at 495).

However, we agree with defendant that the judgment of conviction should nevertheless be reversed and a new trial granted because Supreme Court improperly denied him his constitutional right to self-representation. The court denied defendant's request to represent himself at trial, apparently based upon defendant's mental illness and the perception that medication for his condition affected defendant's ability to understand the proceedings. A defendant in a criminal case may invoke the right to self-representation as long as the request is unequivocal and timely asserted, the defendant has not engaged in conduct that would prevent a fair and orderly trial, and he or she knowingly and intelligently waives the right to counsel (*see People v McIntyre*, 36 NY2d 10, 17 [1974]). Here, defendant's request, made before the trial commenced, was timely and unequivocal (*see id.*). Upon a review of the record, it cannot be said that defendant's behavior was aimed at purposefully delaying the proceedings or preventing an orderly trial but, rather, the record reflects that he engaged in efforts to defend himself for legitimate reasons (*see People v Schoolfield*, 196 AD2d 111, 117 [1994], *lv dismissed* 83 NY2d 858 [1994], *lv denied* 83 NY2d 915 [1994]).

Defendant likewise met the final prong of *McIntyre* by knowingly and intelligently waiving his right to counsel. Supreme Court's statements during the colloquy seem to implicate defendant's competency to stand trial. Yet the court found defendant competent after ordering examinations pursuant to CPL article 730. That finding, along with defendant's responses

to the court's discussion regarding the risks of proceeding without counsel, sufficiently established that defendant was capable of waiving his right to counsel and could proceed unrepresented (*see People v Reason*, 37 NY2d 351, 356 [1975]). By refusing to allow defendant to proceed pro se, partially under the paternalistic view that defendant would obtain a better defense with knowledgeable counsel, the court violated defendant's constitutional right to self-representation. Having been denied that right, he is entitled to a new trial (*cf. People v Reason*, 37 NY2d at 356; *People v McIntyre*, 36 NY2d at 18-19). In light of this determination, we do not address defendant's remaining claims.

Peters, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment and order are reversed, on the law, motion to vacate granted, and matter remitted to the Supreme Court for a new trial.