(March 25, 2010)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DRAPER WELCH, Appellant. [897 NYS2d 546]—

Rose, J. Appeal from a judgment of the County Court of Tompkins County (Rowley, J.), entered February 6, 2007, upon a verdict convicting defendant of the crimes of rape in the first degree, criminal sexual act in the first degree, burglary in the first degree, attempted rape in the first degree, assault in the second degree, robbery in the third degree and criminal possession of a weapon in the third degree.

The victim, who had fallen asleep because she felt ill, awoke to find a man whom she had never seen before in her apartment. After she repeatedly asked him to leave, the man grabbed her, covered her mouth and threatened to shoot her. He removed her pants and underpants, attempted sexual intercourse, struck her twice in the head and warned her to cooperate. He then sexually abused and raped her. Before the man left, he also demanded money and took over $600 and some DVDs. After he left, the victim found a black pistol on the floor of her apartment and called 911. Based on her description of the man, the police were able to identify and arrest defendant. At trial, defendant disputed the victim's claim that she had never seen him before, and he admitted having sexual relations with her, but asserted that they were consensual. He also testified that the victim loaned him the DVDs and gave him the money to purchase illegal drugs for her. The jury, by its verdict, rejected defendant's claims and convicted him of rape in the first degree, criminal sexual act in the first degree, burglary in the first degree, attempted rape in the first degree, assault in the second degree, robbery in the third degree and criminal possession of a weapon in the third degree. County Court sentenced defendant, as a second felony offender, to an aggregate term of 25 years in prison.

Of the issues preserved for our review, we initially address defendant's contention that County Court erred in allowing a sexual assault nurse examiner called by the People to testify regarding the question of whether the sexual contact here was

consensual. The nurse opined that she had never found injuries similar to those of the victim (four lacerations of up to three quarters of an inch long on the posterior fourchette) in cases of consensual intercourse that she had examined, and her review of the research literature indicated that physical injuries occurred in only 10% of consensual cases. Inasmuch as the witness was qualified to render such an opinion based upon her professional training and experience, and the issue of how likely it is that consensual intercourse causes injuries such as these is beyond the ken of the typical juror, County Court did not abuse its discretion in permitting this testimony (*see People v Cronin*, 60 NY2d 430, 432-433 [1983]; *People v Rogers*, 8 AD3d 888, 892 [2004]; *People v Morehouse*, 5 AD3d 925, 928-929 [2004], *lv denied* 3 NY3d 644 [2004]; *People v Harris*, 249 AD2d 775, 776 [1998]).*

Nor did County Court err in admitting certain items of the victim's personal property into evidence over defense counsel's objection that there were discrepancies between the initial and the replacement chain of custody forms for those items. The use of two forms was adequately explained and there is nothing in the record indicating that the items had been tampered with or were not those of the victim (*see People v Julian*, 41 NY2d 340, 342-343 [1977]; *People v Bellamy*, 34 AD3d 937, 939 [2006], *lv denied* 8 NY3d 843 [2007]). Further, any gaps in the chain of custody go to the weight of the evidence, not its admissibility (*see People v Hawkins*, 11 NY3d 484, 494 [2008]).

We also disagree with defendant's contention that his trial counsel was ineffective. In view of the overwhelming evidence that defendant had sexual intercourse with the victim and possessed her property, counsel reasonably pursued a strategy consistent with the claim that the victim knew defendant and consented to his actions (*see People v Ross*, 43 AD3d 567, 570 [2007], *lv denied* 9 NY3d 964 [2007]). In addition, counsel raised many successful objections in pursuit of that defense, conducted effective cross-examination of the victim and direct examination of defendant, and made appropriate motions. Moreover, there is nothing in the record suggesting that the challenges and objections that defendant now faults counsel for not making would have been warranted or sustainable. Viewing the circumstances

* While we decline to address, as unpreserved, defendant's argument that County Court improperly interfered with the questioning of the prosecution's witness, we caution the court to sparingly exercise its discretion to intervene so as to avoid even the appearance of being an advocate for one party by questioning a witness on a key issue in a case (*see People v Arnold*, 98 NY2d 63, 67 [2002]).

of the case in their totality, we are unwilling to say that defendant did not receive meaningful representation (*see People v Hamms*, 55 AD3d 1142, 1145 [2008], *lv denied* 11 NY3d 925 [2009]; *People v Jackson*, 48 AD3d 891, 893-894 [2008], *lv denied* 10 NY3d 841 [2008]; *People v Murray*, 7 AD3d 828, 831 [2004], *lv denied* 3 NY3d 679 [2004]).

Nor are we persuaded that the sentence here was imposed in retaliation for defendant's refusal to enter a guilty plea. Given the invasive and violent nature of defendant's crimes in the victim's home, their traumatic impact on the victim, his lack of remorse and his extensive criminal history including a prior felony and two prior sex offense convictions, we do not find any extraordinary circumstances or abuse of County Court's discretion that would warrant a reduction of his sentence (*see People v Beauharnois*, 64 AD3d 996, 1001 [2009], *lv denied* 13 NY3d 834 [2009]; *People v Perkins*, 62 AD3d 1160, 1162 [2009], *lv denied* 13 NY3d 748 [2009]; *People v Massey*, 45 AD3d 1044, 1048 [2007], *lv denied* 9 NY3d 1036 [2008]).

We also find no merit in defendant's contention that there was insufficient evidence of the weapon possession charge, or that the People changed the theory of the burglary and robbery charges. Defendant's remaining contentions are unpreserved and, in any event, similarly without merit (*see e.g. People v Finger*, 95 NY2d 894, 895 [2000]; *People v Charleston*, 56 NY2d 886, 888 [1982]).

Mercure, J.P., Spain, Lahtinen and McCarthy, JJ., concur. Ordered that the judgment is affirmed.