(April 29, 2010)

■ The People of the State of New York, Respondent, v Bradley Rolle, Appellant. [900 NYS2d 187]—

Egan Jr., J. Appeals (1) from a judgment of the County Court of Albany County (Breslin, J.), rendered November 21, 2006, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, and (2) by permission, from an order of said court, entered January 22, 2008, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Following a jury trial, defendant was convicted as charged of criminal sale of a controlled substance in the third degree based upon evidence that he possessed and sold cocaine to a confidential informant (hereinafter CI) in the City of Albany on November 21, 2005, and of criminal possession of a controlled substance in the third and fifth degrees based on evidence that he possessed cocaine with the intent to sell it on December 13,

2005 in Albany. Upon his conviction, defendant was sentenced to an aggregate prison term of 12 years, with six years of post-release supervision. Defendant appeals.

The testimony at trial established that in November 2005, the CI advised Jeffrey Connery, a detective with the police department's Community Response Unit (hereinafter CRU), that he could buy drugs from unidentified individuals at a two-family residence located at 107 Lark Street in Albany. On November 21, 2005, CRU detectives and the CI traveled to the Lark Street neighborhood in an unmarked minivan, and the CI, equipped with a wire (a sound transmitting device) and $40 in buy money, was observed by detectives meeting a black male wearing a gray sweat suit in front of 107 Lark Street. Both men entered the building, and detectives overheard a drug transaction via the wire. After exiting the building, the CI returned to the minivan and turned over a substance that forensic testing later revealed to be .33 milligrams of cocaine. While the CI was acquainted with the person from whom he purchased the cocaine, he did not know his name, but described him as dark-skinned, wearing a gray sweat suit and a black do-rag. The individual was similarly described by Connery and Detectives Kenneth Koonz and Dennis Guiry, who were also monitoring the controlled buy.

Back at the police station, Connery gave a description of the unidentified subject to Detective Sergeant Jeffrey Roberts, also an officer assigned to the CRU who was familiar with the Lark Street neighborhood. That evening, Roberts drove by the Lark Street address and observed an individual he knew from previous encounters to be defendant. Roberts contacted Connery and requested that Koonz drive to the vicinity of the Lark Street address to see if he recognized anyone from the controlled buy. Thereafter, Koonz arrived in the vicinity of 107 Lark Street and confirmed with Roberts that the individual who entered that address with the CI earlier that day was the same individual Roberts knew to be defendant. The CI thereafter positively identified defendant from a photo array as the individual who participated in the controlled buy.

On December 13, 2005, a search warrant was obtained and executed at 107 Lark Street. Although defendant was named as one of the targets of the warrant, he was not at the premises at the time it was executed, although several other persons were arrested. As the officers, including Roberts, were leaving the scene, defendant walked in front of their unmarked police vehicle, crossing the street. Roberts and other officers followed defendant into a nearby bar and arrested him. A pat-down search of defendant uncovered what later forensic testing revealed to be 2,400 milligrams of cocaine hidden inside a cigarette pack.

Defendant first argues that he was deprived of his statutory right to testify at the grand jury proceedings (*see* CPL 190.50 [5] [a]) and that he was provided with insufficient notice of presentment (*see* CPL 190.50 [5] [b]). An objection by a defendant to a claimed violation of his or her rights under CPL 190.50 must be made by a motion to dismiss the indictment no later than five days after arraignment on the indictment, or the defendant's challenges will be deemed waived (*see* CPL 190.50 [5] [c]; *People v Weis*, 56 AD3d 900, 901-902 [2008], *lv denied* 12 NY3d 763 [2009]; *People v Bass*, 255 AD2d 689, 692-693 [1998], *lv denied* 93 NY2d 966 [1999]; *People v Brown*, 227 AD2d 691, 692 [1996], *lv denied* 88 NY2d 980 [1996]). Here, defendant was arraigned on the superseding indictment on April 20, 2006, and it is conceded that no such motion was ever made. Accordingly, defendant's challenges regarding the notice of presentment to and his right to testify before the grand jury are deemed waived.

We are not persuaded by defendant's contention that County Court committed reversible error in permitting defendant to represent himself at the *Mapp/Dunaway* hearing. County Court granted defendant's unequivocal request to proceed pro se based upon his disagreement with counsel's questioning during cross-examination, and only after an appropriate inquiry was conducted by the court (*see People v McIntyre*, 36 NY2d 10, 17 [1974]; *compare People v Arroyo*, 98 NY2d 101, 103-104 [2002]; *People v Tafari*, 68 AD3d 1540, 1541 [2009]). Defendant's waiver of his right to counsel was made competently, intelligently and voluntarily and, "[u]pon a review of the record, it cannot be said that defendant's behavior was aimed at purposefully delaying the proceedings or preventing an orderly trial but, rather, the record reflects that he engaged in efforts to defend himself for legitimate reasons" (*People v Tafari*, 68 AD3d at 1541).

Furthermore, we find that County Court properly concluded, after the *Mapp/Dunaway* hearing, that probable cause existed for defendant's arrest based on the information received from the CI, the observations of the detectives monitoring the controlled buy, together with the CI's positive identification of defendant from a photo array conducted prior to the arrest (*see generally People v Shulman*, 6 NY3d 1, 25-26 [2005], *cert denied* 547 US 1043 [2006]; *People v Tillman*, 57 AD3d 1021, 1022-1023 [2008]). Thus, County Court properly denied defendant's motion to suppress the drugs found in his possession. Defendant's challenge regarding the failure of the court to conduct an *Aguilar/Spinelli* hearing was not preserved for appellate review. In any event, we find that the CI's reliability was amply established based on the circumstances surrounding the con-

trolled buy and the CI's subsequent identification of defendant (*see People v Glover*, 23 AD3d 688, 688-689 [2005], *lv denied* 6 NY3d 776 [2006]).

Defendant next contends that gaps existed in the chain of custody of the cocaine evidence. Such gaps may be excused where, as here, the testimony of the detective assigned to transport the evidence and the testimony of the forensic scientists assigned to test the evidence, together with the lack of any evidence of tampering, provide reasonable assurances of the identity and unchanged condition of the evidence (*see People v Hawkins*, 11 NY3d 484, 494 [2008]; *People v Welch*, 71 AD3d 1329, 1331 [2010]). In addition, gaps in the chain of custody identified by defendant relate to the weight of the evidence, not its admissibility (*see People v Hawkins*, 11 NY3d at 494; *People v Welch*, 71 AD3d at 1331; *People v Bellamy*, 34 AD3d 937, 939 [2006], *lv denied* 8 NY3d 843 [2007]).

We turn next to defendant's contention that his conviction for criminal sale of a controlled substance in the third degree was not supported by legally sufficient evidence. Defendant further argues that there is insufficient proof identifying him as the person who sold the cocaine on November 21, 2005 and, as a result, all of his convictions are against the weight of the evidence.

"When considering a challenge to the legal sufficiency of the evidence, we view the evidence in the light most favorable to the People and will not disturb the verdict if the evidence demonstrates a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury" (*People v Maricevic*, 52 AD3d 1043, 1044 [2008], *lv denied* 11 NY3d 790 [2008]; *see People v Hampton*, 64 AD3d 872, 874 [2009], *lv denied* 13 NY3d 796 [2009]). Criminal sale of a controlled substance in the third degree requires proof that defendant knowingly and unlawfully sold a narcotic drug (*see* Penal Law § 220.39 [1]; § 220.00 [7]). Based on the testimony of the police detectives and the CI, all of whom described their roles in and observations of the controlled buy that led to defendant's arrest, we find that, viewed in the light most favorable to the People, the proof was legally sufficient to sustain the verdict. Furthermore, upon our independent review of the record, and in evaluating the evidence in a neutral light and according appropriate deference to the jury's assessment of witness credibility, we find that the verdict on all counts is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Burroughs*, 64 AD3d 894, 897 [2009], *lv denied* 13 NY3d 794 [2009]; *People v Hampton*, 64 AD3d at 874; *People v Chatham*, 55 AD3d 1045, 1046 [2008]).

Nor are we persuaded by defendant's claims that he was denied the effective assistance of counsel (*see People v McDaniel*, 13 NY3d 751, 752 [2009]; *People v Benevento*, 91 NY2d 708, 713-714 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Blanchard*, 63 AD3d 1291, 1292 [2009], *lv denied* 13 NY3d 794 [2009]). Defendant's failures to appear before the grand jury and to timely file a motion to dismiss the superseding indictment are his own, not his attorney's. Defendant's remaining assertions involve trial strategy, which will not be second-guessed in hindsight (*see People v Benevento*, 91 NY2d at 712; *People v Turner*, 37 AD3d 874, 876 [2007], *lv denied* 8 NY3d 991 [2007]).

Based on the nature of the offenses committed and defendant's prior criminal history, which included a number of felony and misdemeanor convictions, we find that defendant's sentence was not harsh and excessive (*see People v Fairley*, 63 AD3d 1288, 1290-1291 [2009], *lv denied* 13 NY3d 743 [2009]; *People v Minor*, 45 AD3d 885, 886 [2007], *lv denied* 10 NY3d 768 [2008]). We also conclude that defendant's CPL 440.10 motion was properly denied on the ground that it raised issues that could be raised by defendant on direct appeal (*see People v Barber*, 280 AD2d 691, 692 [2001], *lv denied* 96 NY2d 825 [2001]).

Finally, we are unpersuaded by defendant's conclusory assertion, submitted in his pro se supplemental brief, that the superceding indictment was evidence of prosecutorial misconduct or vindictiveness (*see* CPL 200.80; *People v Potter*, 50 AD2d 410, 412-413 [1976]). Defendant's remaining contentions, including those raised in his pro se supplemental brief, have been reviewed and we find that they are without merit.

Cardona, P.J., Peters, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment and order are affirmed.