■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT J. HEANEY, Appellant. [906 NYS2d 350]—

Mercure, J.P. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered January 26, 2009, upon a verdict convicting defendant of the crime of criminal sale of marihuana in the third degree.

Defendant was charged in an indictment with one count of criminal sale of marihuana in the third degree stemming from a controlled drug purchase by law enforcement personnel who relied upon a confidential informant (hereinafter CI). The investigators searched the CI and his car for contraband and, finding none, provided him with buy money and a transmitter. They then followed the CI to defendant's residence and waited nearby, observing the area and listening to the broadcasted transaction taking place inside the residence. After the CI left defendant's residence, the investigators followed him to a prearranged location, where he and his car were again searched. The CI turned over a quantity of marihuana and the remaining $10 in buy money. Following a jury trial, defendant was convicted as charged and sentenced, as a second felony offender, to a prison term of two years followed by two years of postrelease supervision. Defendant now appeals and we affirm.

Defendant's contention that his conviction was not based upon legally sufficient evidence is unpreserved due to his failure to make a particularized trial motion to dismiss, identifying the specific deficiencies now alleged (*see People v Gray*, 86 NY2d 10,

19 [1995]; *People v Burdick*, 72 AD3d 1399, 1400-1401 [2010]; *People v Cole*, 35 AD3d 911, 912 [2006], *lv denied* 8 NY3d 944 [2007]). Furthermore, after reviewing the evidence in a neutral light and according deference to the jury's ability to observe the witnesses and gauge their credibility, we are satisfied that defendant's conviction was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643-644 [2006]; *People v Rolle*, 72 AD3d 1393, 1396 [2010]). Although the CI's recollection of the sale—which occurred over two years prior to trial—was inconsistent in minor respects from other evidence in the record, those discrepancies were explored at trial and submitted for the jury's consideration, and his testimony was not inherently incredible or improbable (*see People v Vargas*, 72 AD3d 1114, 1118 [2010]; *People v Miles*, 61 AD3d 1118, 1119 [2009], *lv denied* 12 NY3d 918 [2009]). Moreover, the CI's description of events was amply corroborated by the testimony of investigators, who had him under surveillance and confirmed that he entered defendant's residence with no contraband and the buy money but exited it with marihuana, as well as an audio recording in which the CI is heard counting out money to defendant (*see People v Lawal*, 73 AD3d 1287, 1289 [2010]; *People v Golden*, 24 AD3d 806, 807 [2005], *lv denied* 6 NY3d 813 [2006]).

Defendant also argues, and the People concede, that County Court erroneously directed him to pay restitution for the buy money and an administrative surcharge (*see* Penal Law § 60.27 [9]; § 220.00 [5]; Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 60.27). His remaining contentions—namely, that County Court should have granted his request for new counsel and that the sentence imposed was harsh and excessive—have been considered and found to be without merit.

Malone Jr., Kavanagh, Stein and Garry, JJ., concur. Ordered that the judgment is modified, on the law, by deleting so much thereof as directed defendant to pay restitution and a 10% surcharge thereon to the Clinton County District Attorney's office/Adirondack Drug Task Force, and, as so modified, affirmed.