■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVILLE DANCY, Appellant. [928 NYS2d 143]—

Malone Jr., J.

In March 2007, while incarcerated at a correctional facility, defendant engaged in a physical altercation involving several correction officers as a result of which two of the correction offi-

cers sustained physical injuries. As a result, defendant was charged in an indictment with three counts of assault in the second degree. Following a jury trial, defendant was convicted of the count alleging that, with the intent to prevent Correction Officer Joseph Christofaro from performing a lawful duty, defendant caused him physical injury (*see* Penal Law § 120.05 [3]). Defendant was acquitted of the remaining counts alleging that, with the intent to cause physical injury, he caused said injury to Christofaro and another correction officer, Robert Bennett (*see* Penal Law § 120.05 [7]). Defendant was sentenced as a second violent felony offender to five years in prison with five years of postrelease supervision. This sentence was to run consecutive to defendant's underlying prison term. He now appeals.

Defendant initially contends that the evidence was legally insufficient to support the verdict. Although defendant did appropriately move to dismiss on that basis with sufficient specificity at the close of the People's case, he did not renew that motion following the presentation of his own case. Accordingly, this challenge is not preserved for our review (*see People v Lane*, 7 NY3d 888, 889 [2006]). This circumstance is of little import, however, inasmuch as defendant also claims that the verdict is against the weight of the evidence, which necessitates an evaluation by this Court as to whether the elements of the crimes charged were sufficiently proven at trial (*see People v Phelan*, 82 AD3d 1279, 1281 n [2011]). In conducting that review here, inasmuch as it would not have been unreasonable for the jury to have reached a different verdict, this Court "must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Romero*, 7 NY3d 633, 643 [2006] [internal quotation marks and citations omitted]; *see People v Tafari*, 68 AD3d 1540, 1541 [2009]).

As relevant herein, assault in the second degree requires proof that defendant, "[w]ith intent to prevent a peace officer . . . from performing a lawful duty, . . . cause[d] physical injury to such peace officer" (Penal Law § 120.05 [3]). At trial, Bennett testified that, while on duty on the date of the incident, he noticed that defendant was "hanging back" from the other inmates entering the mess hall for lunch. Bennett asked defendant for his identification card and, when defendant did not produce it, he told defendant to place his hands on the wall for a pat frisk. Bennett testified that, as he began the frisk, defendant spun around and punched him in the face, knocking him to the ground. Christofaro testified that he observed defendant punch Bennett and hurried over to help. In attempting to

subdue defendant, Christofaro took him to the floor, where defendant continued to fight and lash out. Christofaro stated that, as a result of the altercation, he sustained an injury to his knee which subsequently required surgery, suffered a broken toe and experienced "a lot of pain" in his ribs, which he had initially thought were broken. In contrast, defendant and his witnesses testified that it was Bennett who instigated a series of verbal disputes with defendant prior to the altercation and it was Bennett who attacked first. Defendant stated that he only used force against Bennett to defend himself and a justification instruction was duly charged to the jury.

Contrary to defendant's argument, we are satisfied that his conviction for assault in the second degree was not against the weight of the evidence. Significantly, defendant did not testify that Christofaro was involved in the alleged disputes involving Bennett. Thus, even accepting that the jury found that defendant was either justified in using force against Bennett or did not intend to injure him, this does not in any way take away from the proof establishing that defendant intended to prevent Christofaro from performing his lawful duty, i.e., subduing defendant and quelling the disturbance, and caused Christofaro physical injury as a result (*see* Penal Law § 10.00 [9]). "Viewing the evidence in a neutral light and according deference to the jury's credibility determinations, it cannot be said that the trier of fact has failed to give the evidence the weight that it should be accorded" (*People v Nisselbeck*, 85 AD3d 1206, 1208 [2011] [internal quotation marks and citations omitted]).

Next, defendant contends that he was deprived of a fair trial when County Court sustained an objection preventing him from cross-examining Christofaro with respect to inconsistent testimony he had given at defendant's tier III disciplinary hearing. Specifically, Christofaro had stated at that hearing that his ribs were broken as a result of the altercation, which conflicted with his trial testimony that the X rays of his ribs did not show a fracture. Although County Court sustained the prosecutor's objection to that line of questioning, the People now concede that this restriction was error, albeit a harmless one. Upon review of the record, we conclude that this was not reversible error and defendant was not deprived of a fair trial. Notably, in the course of cross-examination, Christofaro had already been confronted with a prior inconsistent statement he had made to the grand jury regarding the extent of his rib injury.* Given that the jury was thus made aware of Christofaro's prior incon-

---

* Christofaro explained the discrepancy to the jury in his testimony by relating that he had just recently learned that the X rays did not indicate a

sistency, both in the course of cross-examination and in defendant's summation, any error was harmless (*see People v Saunders*, 174 AD2d 365, 366 [1991], *lv denied* 78 NY2d 1014 [1991]; *see also People v Williams*, 302 AD2d 412 [2003], *lv denied* 100 NY2d 589 [2003]; *compare People v Daley*, 9 AD3d 601, 602-603 [2004]).

Even if properly preserved for our review, we would find defendant's contention that the jury verdict was inconsistent and/or repugnant to be without merit (*see People v Vazquez*, 82 AD3d 1273, 1275-1276 [2011]). Finally, we have examined defendant's remaining claims and find them to be unpersuasive.

Mercure, J.P., Peters, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.

---

fracture and only previously testified to the contrary because of a misunderstanding over what he had been told by a doctor.