Egan Jr., J.
Appeal from a judgment of the County Court of Greene County (Pulver Jr., J.), rendered April 5, 2011, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (two counts) and criminal sale of a controlled substance in the third degree.
Defendant was indicted and charged with various drug crimes in connection with his sale of crack cocaine to a confidential informant (hereinafter Cl) on two separate occasions in August 2009. Following a jury trial, defendant was convicted of criminal possession of a controlled substance in the third degree (two counts) and criminal sale of a controlled substance in the third degree and sentenced to an aggregate prison term of 18 years with four years of postrelease supervision. This appeal by defendant ensued.
Defendant initially contends that the verdict is not supported *1046 by legally sufficient evidence and, further, is against the weight of the evidence. We disagree. A person is guilty of criminal possession of a controlled substance in the third degree when he or she “knowingly and unlawfully possesses ... a narcotic drug with the intent to sell it” (Penal Law § 220.16 [1]). Where, as here, the People proceed under the theory of constructive possession, the proof must establish “that defendant exercised dominion and control over the property or the person who actually possessed the drugs” (People v Miller, 13 AD3d 890, 891 [2004]; see People v Buchanan, 95 AD3d 1433, 1433-1434 [2012]; People v Arrington, 31 AD3d 801, 803 [2006], lv denied 7 NY3d 865 [2006]; People v Leader, 27 AD3d 901, 903 [2006]). Similarly, a person is guilty of criminal sale of a controlled substance in the third degree when he or she “knowingly and unlawfully sells ... a narcotic drug” (Penal Law § 220.39 [1]).
Here, the testimony offered by the Cl (who had known defendant for a number of years), the undercover officers (who accompanied the Cl on the dates in question and observed portions of the drug transactions) and the investigators (who provided the Cl with buy money and strip searched him before and after the subject transactions to ensure that he was not concealing any drugs, currency or contraband), together with the audio recordings and the positive test results, establish that the verdict is supported by legally sufficient evidence and, further, is not against the weight of the evidence (see People v Heaney, 75 AD3d 836, 837 [2010], lv denied 15 NY3d 852 [2010]; People v Rolle, 72 AD3d 1393, 1396 [2010], lv denied 16 NY3d 745 [2011]; People v Chatham, 55 AD3d 1045, 1046 [2008], lv denied 14 NY3d 839 [2010]; People v Thaddies, 50 AD3d 1249, 1250 [2008], lv denied 10 NY3d 965 [2008]; People v Golden, 24 AD3d 806, 806-807 [2005], lv denied 6 NY3d 813 [2006]). Contrary to defendant’s assertion, there is sufficient credible evidence in the record to establish that he exercised dominion and control over the location where the August 18, 2009 sale occurred. Additionally, with respect to the August 26, 2009 transaction, the CPs testimony is sufficient to demonstrate that defendant possessed crack cocaine with the intent to sell on that date. Although the Cl was an admitted drug user and agreed to cooperate with the authorities in an effort to reduce certain outstanding criminal charges against him, his credibility was fully vetted at trial (see infra), and we cannot say that his testimony was “inherently incredible or improbable” (People v Heaney, 75 AD3d at 837). Accordingly, according due deference to the jury’s credibility determinations (see People v Rolle, 72 AD3d at 1396; People v Pearson, 69 AD3d 1226, 1228 [2010], lv denied 15 NY3d 755 [2010]), we discern no basis upon which to disturb the verdict.
*1047 To the extent that defendant contends that County Court improperly limited defense counsel’s cross-examination of the Cl, again we disagree. “[Although a criminal defendant is guaranteed the right to confront all adverse witnesses through cross-examination, that right is not unlimited” (People v Francisco, 44 AD3d 870, 870 [2007], lv denied 9 NY3d 1033 [2008] [citations omitted]). Indeed, the scope and extent of cross-examination is a matter committed to the trial court’s sound discretion and, to that end, the court will be afforded “wide latitude to limit cross-examination on collateral matters designed to impeach . . . credibility” (People v Love, 307 AD2d 528, 532 [2003], lv denied 100 NY2d 643 [2003]; see People v Francisco, 44 AD3d at 870; People v Dickerson, 309 AD2d 966, 968 [2003], lv denied 1 NY3d 596 [2004]). Here, County Court permitted counsel to cross-examine the Cl at length regarding his prior convictions, but limited the extent to which counsel could delve into the underlying facts of each conviction, reasoning that such minutia did not bear upon credibility and would serve only to confuse the jury. Based upon our review of the record as a whole, we find that County Court did not abuse its discretion in this regard.
Nor are we persuaded that County Court erred in denying defendant’s motion for a mistrial based upon testimony elicited from Heath Wood regarding defendant’s prior bad acts. Although “evidence of prior bad acts or uncharged crimes is inadmissible to prove the crime charged or to show a defendant’s propensity to commit [a particular] crime, an exception to this rule exists where the evidence is admitted to show a defendant’s intent, especially after the defendant has put his or her intent in issue” (People v Wright, 5 AD3d 873, 875 [2004], lv denied 3 NY3d 651 [2004] [citation omitted]; see People v Echavarria, 53 AD3d 859, 863 [2008], lv denied 11 NY3d 832 [2008]), which is precisely what occurred here. Following circumspect questioning by the People on direct examination, defense counsel devoted the bulk of his cross-examination to attempting to portray Wood — at whose home the August 18, 2009 transaction occurred — as the true drug dealer. In response to that questioning, the People asked Wood on redirect, “Who was the drug dealer?” and “[W]hose drugs were . . . sold?,” and Wood, in turn, identified defendant. As defendant’s prior drug sales were probative of both his knowing possession and intent to sell (see People v Echavarria, 53 AD3d at 863; People v Wright, 5 AD3d at 875-876), and as our review of the record reveals that the probative value of such evidence outweighed its prejudicial effect, County Court did not err in either admitting this *1048 testimony or denying defendant’s subsequent motion for a mistrial.*
Defendant next asserts that County Court committed various errors with respect to its charge to the jury. Again, we disagree. Although defendant requested a missing witness charge based upon the People’s failure to call two witnesses to the August 26, 2009 transaction, in light of the testimony of the Cl and relevant undercover officer, as well as the audio recording of that transaction, we cannot say that County Court abused its discretion in denying the requested charge, as such testimony plainly would have been cumulative (see People v Wilkins, 75 AD3d 847, 848-849 [2010], lv denied 15 NY3d 857 [2010]; People v Darby, 72 AD3d 1280,1282-1283 [2010], lv denied 15 NY3d 749 [2010]). As for defendant’s claim that reversal is warranted due to County Court’s refusal to charge the jury that the Cl and Wood were interested witnesses, we are of the view that the court’s charge as a whole, particularly with respect to credibility, motive and benefit, was sufficient to adequately convey the need to scrutinize the testimony at issue (see People v Inniss, 83 NY2d 653, 659 [1994]; People v Kettreis, 19 AD3d 706, 707 [2005], lv denied 5 NY3d 807 [2005]; cf. People v Ballard, 38 AD3d 1001, 1003 [2007], lv denied 9 NY3d 840 [2007]) — especially given the degree to which defense counsel “hammered at” (People v Inniss, 83 NY2d at 659) the credibility, bias and interest of Wood and the Cl during counsel’s opening and closing statements, as well as his cross-examination of those witnesses. Finally, although defendant now asserts that County Court should have provided a more particularized circumstantial evidence charge, defendant not only made no such request to charge but, indeed, opposed County Court’s charge on this point. Hence, we deem this issue unpreserved for our review (see People v Kennedy, 78 AD3d 1233, 1236 [2010], lv denied 16 NY3d 896 [2011]).
Finally, we reject defendant’s claim that he was denied the effective assistance of counsel because the Public Defender who appeared with defendant at his bail application, Dominic Cornelius — the first of at least four attorneys to appear upon defendant’s behalf — represented the Cl at the time of trial. As a starting point, it is by no means clear that there was in fact any actual overlap in representation. Additionally, when this issue *1049 arose mid-trial, County Court twice questioned Cornelius regarding the matter, in response to which Cornelius indicated that he did not recognize defendant, did not recall representing defendant, did not provide any substantive legal advice to or engage in any detailed discussions with defendant and did not recall ever discussing any form of a plea for defendant with the District Attorney’s office. Under these circumstances, we cannot say “that ‘the conduct of [defendant’s] defense was in fact affected by the operation of the [asserted] conflict of interest’ ” (People v Longtin, 92 NY2d 640, 644 [1998], cert denied 526 US 1114 [1999], quoting People v Alicea, 61 NY2d 23, 31 [1983]; see People v Gunney, 13 AD3d 980, 983 [2004], lv denied 5 NY3d 789 [2005]; see also People v Monette, 70 AD3d 1186, 1187-1188 [2010], lv denied 15 NY3d 776 [2010]) and, hence, we are unable to conclude that defendant was denied the effective assistance of counsel.
Defendant’s remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Peters, EJ., Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.

 To the extent that defendant contends that County Court failed to give appropriate limiting instructions — either at the time Wood’s testimony was received or in the final jury charge — we note that defendant made no specific request in this regard and, therefore, this issue is unpreserved for our review (see People v Cherry, 46 AD3d 1234, 1237 [2007], lv denied 10 NY3d 839 [2008]). In any event, in light of the overwhelming evidence of defendant’s guilt, we would find any error to be harmless.