McCarthy, J.
Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered November 22, 2011, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the second degree.
Defendant met with a confidential informant (hereinafter Cl) and gave him a powdered substance containing cocaine in exchange for $1,500. The Cl was wearing an audio-visual recording device that recorded the transaction. After a jury trial, *986 defendant was convicted of criminal sale of a controlled substance in the second degree. County Court sentenced him, as a second felony offender, to 12 years in prison, followed by five years of postrelease supervision. Defendant appeals.
The verdict is not against the weight of the evidence. According to the testimony of two forensic scientists, one called by each party, the substance that the Cl turned over to the police contained cocaine. The People were required to prove that the substance had “an aggregate weight of one-half ounce or more” (Penal Law § 220.41 [1]). One-half ounce is equal to 14.17 grams. Defendant and the Cl initially determined that the substance weighed 15 grams. A forensic scientist with the State Police testified that it weighed 14.46 grams on her balance. That balance is calibrated twice each year and the calibration is verified by an analyst in the laboratory each week. Defendant’s independent analyst testified that the substance weighed 13.94 grams on her balance, which is calibrated twice each year and is verified by her daily. A detective had removed a small amount of the substance for a field test and the State Police scientist had removed a small amount to test the substance. Witnesses testified that a small amount of the substance would cling to a plastic bag when transferring it for weighing. Giving deference to the jury’s credibility determinations regarding the conflicting evidence as to the weight of the substance (see People v Parker, 84 AD3d 1508, 1509-1510 [2011], lv denied 18 NY3d 927 [2012]), the weight of the evidence supports the finding that the substance weighed one-half ounce or more.
Although defendant gave the substance to the Cl in two portions and the Cl combined them into one bag, the People did not need to prove that the separate portions each contained cocaine. Defendant indicated that each portion was cocaine when he sold it to the Cl and the crime is not based on the purity of the drug in the substance, as “the aggregate weight of a controlled substance is determined by the weight of the substance which contains the drug, irrespective of the amount of the drug in the substance” (People v Mendoza, 81 NY2d 963, 965 [1993] [internal quotation marks and citation omitted]; see People v Moultrie, 100 AD3d 401, 401-402 [2012], lv denied 20 NY3d 1102 [2013]).
The People proved that the sale occurred on the date listed in the indictment. The Cl testified inconsistently as to whether it occurred on the listed date or the following day. The recording had a visual date stamp for the following day. Despite this confusion, three police officers testified that the sale occurred on the listed date and one explained that the recording contained an *987 improper date stamp. The jury reasonably resolved this credibility question to determine that the sale occurred on the listed date.
Although the Cl was an admitted drug user, he received benefits — including reduced criminal charges and money — as a result of his cooperation with police and his testimony contained some errors concerning the date, we cannot say that his testimony was incredible as a matter of law (see People v Wilson, 100 AD3d 1045, 1046 [2012]; People v Williamson, 77 AD3d 1183, 1184 [2010]; People v Heaney, 75 AD3d 836, 837 [2010], lv denied 15 NY3d 852 [2010]). His testimony, along with the recording of the transaction and the testimony of the police officers and forensic scientists, established beyond a reasonable doubt that defendant committed the alleged crime.
County Court did not err in excluding a log of the verification of the defense expert’s balance calibration. Such evidence is not required and was cumulative considering the expert’s testimony that she personally verified the calibration each day, including the day that she weighed the substance at issue (see People v Parker, 84 AD3d at 1509-1510; People v Rotundo, 194 AD2d 943, 946 [1993], lv denied 82 NY2d 726 [1993]; compare People v Freeland, 68 NY2d 699, 700-701 [1986]; People v English, 103 AD2d 979, 980 [1984]). Thus, the court did not abuse its discretion by making this evidentiary ruling.
County Court did not err in refusing to strike the Cl’s testimony due to a Rosario violation. Although the recording device presumably recorded the Cl’s words and actions leading up to an aborted sale with defendant earlier the same day, including phone calls between the Cl and defendant and between the Cl and the police, any recording from that transaction was never downloaded. Assuming that the failure to preserve such a recording constituted a Rosario violation, the court had discretion to determine the appropriate sanction (see People v Wallace, 76 NY2d 953, 955 [1990]; People v Shcherenkov, 21 AD3d 651, 652 [2005]). Considering the lack of bad faith by the police officers who failed to download this portion of the recording (which they deemed would have no value because the planned sale did not take place) and the minimal amount of prejudice demonstrated by defendant due to the absence of such a recording, we cannot say that County Court abused its discretion by giving an adverse inference charge to the jury regarding that missing recording, rather than striking a key witness’s testimony (see People v Carpenter, 88 AD3d 1160, 1161 [2011]; People v Davis, 18 AD3d 1016, 1018-1019 [2005], lv denied 5 NY3d 805 [2005]).
*988 Finally, County Court did not err in refusing defendant’s request for an expanded jury charge on the extent of the benefits received by the Cl in exchange for working with the police. Quoting from the charge in the Criminal Jury Instructions (see CJI2d[NY] Credibility of Witnesses-Benefit), the court instructed the jury that, in assessing the Cl’s credibility, the jury could consider the Cl’s criminal convictions and “whether a witness hopes for or expects to receive a benefit for testifying,” including “whether and to what extent [any such benefit] affected the truthfulness of that witness’s testimony.” This charge “was sufficient to adequately convey the need to scrutinize the testimony at issue” (People v Wilson, 100 AD3d at 1048; see People v Inniss, 83 NY2d 653, 658-659 [1994]; People v Jackson, 74 NY2d 787, 789-790 [1989]).
Rose, J.E, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.